

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2002

# USA v. Henry

Precedential or Non-Precedential:

Docket 1-2486

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Henry" (2002). *2002 Decisions.* Paper 147.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed March 4, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2486

UNITED STATES OF AMERICA

v.

DEAN "RAS" HENRY
Dean Henry, Appellant

On Appeal From the District Court
of the Virgin Islands
(D.C. Crim. No. 99-cr-00358)
District Judge: Honorable Thomas K. Moore

Argued: December 4, 2001

Before: BECKER, Chief Judge, NYGAARD and COWEN,
Circuit Judges.

(Filed: March 4, 2002)

        CHARLES S. RUSSELL, JR.,
         ESQUIRE (ARGUED)
        Moore & Dodson, P.C.
        No. 14A Norre Gade, P.O. Box 310
        Charlotte Amalie, St. Thomas, VI
         00804

        Counsel for Appellant

        DAVID L. ATKINSON, ESQUIRE
        United States Attorney
        KIM L. CHISHOLM, ESQUIRE
         (ARGUED)
        Assistant United States Attorney
        United States Courthouse & Federal
         Building
        5500 Veterans Drive, Suite 260
        Charlotte Amalie, St. Thomas,
         Virgin Islands 00802

        Counsel for Appellee

OPINION OF THE COURT

BECKER, Chief Judge:

This is yet another Apprendi case. See Apprendi v. New Jersey, 530 U.S. 466 (2000). It comes to us in a novel procedural posture: (1) Apprendi was decided between the guilty plea and the sentencing; (2) the defendant clearly raised the Apprendi issue at sentencing; and (3) the defendant demonstrated what we find to be non-harmless Apprendi error.

The defendant is Dean Henry, who appeals from the judgment of the District Court of the Virgin Islands which imposed a sentence following a guilty plea to a one-count indictment charging him with possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. SS 841(a)(1) and 841(b)(1)(B)(iii). Although Henry entered a plea to possession with intent to distribute a controlled substance, he has never admitted to possessing cocaine and it appears highly possible, in light of the less than textbook perfect police investigation, that the only controlled substance that he possessed was marijuana. Henry submits that both the identity and quantity of the drugs were elements of the crime that he was entitled to have determined beyond a reasonable doubt. Thus, he contends, the District Court violated the teachings of Apprendi when it alone determined these issues (by a preponderance of the evidence) at the sentencing hearing,

2

sentencing him to the mandatory minimum sentence of 60 months for cocaine base under S 841(b)(1)(B)(iii).

The primary question on appeal is whether facts that determine in the first instance the statutory maximum under which a defendant is to be sentenced -- here particularly drug identity -- are elements that need to be determined beyond a reasonable doubt by a jury. This question is governed by Apprendi and by our recent opinion in United States v. Barbosa, 271 F.3d 438 (3d Cir. 2001), where we held that the statutory maximum penalty that can be imposed on a defendant when drug identity is not known or found by the jury is one year, the lowest statutory maximum under the "catch-all" provisions of S 841. See Barbosa, 271 F.3d at 455. What the District Court (understandably) failed to appreciate (since Barbosa had not yet been decided) was that, like the court in Barbosa, it could not "unequivocally determine" which provision of S 841(b) to invoke without a jury determination as to the identity of the drug beyond a reasonable doubt because it "cannot simply assume that only [marijuana or cocaine is] implicated merely because the evidence was so constrained." Id. at 456. Rather, pursuant to Apprendi, any determination of drug identity in this case would be"legally significant because it [would] increase[ ] . . . the maximum range within which the judge could exercise his discretion." Apprendi, 530 U.S. at 474. We thus agree with Henry that there has been an Apprendi violation, for Henry was sentenced to 60 months in prison after the identity and quantity of the controlled substance were determined by the sentencing court (by a preponderance of the evidence).

Unlike Barbosa and United States v. Vazquez, 271 F.3d 93 (3d Cir. 2001) (en banc), this judgment is not subject to plain error review, for an objection was timely made in the District Court. While the government is correct that the sentence imposed does not offend the 60-month statutory maximum for possession with intent to distribute marijuana, the District Court's error is not harmless since, under Barbosa, we cannot assume the identity of the drug merely because the evidence presented at the sentencing hearing was limited to marijuana or cocaine base. Inasmuch as the identity of the drug is relevant to

3

determining the statutory maximum, we cannot know which statutory maximum is applicable. Rather, we are constrained to evaluate Henry's sentence under the lowest "catch-all" maximum penalty of one year. Since his sentence exceeded one year, we cannot conclude beyond a reasonable doubt that the Apprendi violation was harmless. Accordingly, we will vacate the judgment.

Having concluded that the Apprendi violation was not harmless, we are presented with the novel issue of the proper disposition in a case where a defendant has pleaded guilty to the generic crime of possession with intent to distribute a controlled substance under S 841(a)(1) and all that is left to be determined is the identity and quantity of the substance. While the suggestion has been made that the Sentencing Court might make the determination pursuant to normal evidentiary standards (in contrast to the regime at sentencing, see Fed. R. Evid. 1101(a) and United States v. Sciarrino, 884 F.2d 95 (3d Cir. 1989)), or even under the beyond a reasonable doubt standard, Apprendi teaches us that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved[to it] beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added). Although Henry does not desire to withdraw his guilty plea, consistent with the mandate of Apprendi, we will remand the case to the District Court for a determination by a jury beyond a reasonable doubt as to the identity and quantity of the drug possessed by Henry with intent to distribute. We see no reason why a jury cannot be convened for the sole purpose of deciding the facts that will determine the sentence.

I.

In 1999, a drug task force in St. Thomas comprising several local and federal law enforcement agencies, conducted an undercover narcotics and firearms investigation in an apartment project in St. Thomas known as Pearson Gardens. For the purpose of this investigation, the agents primarily relied on a "confidential informant" known as Ikal Stewart to conduct narcotics purchases from the targets while under audio and video surveillance.

4

The Pearson Gardens investigation commenced on the morning of February 17, 1999. Special Agent McCollum told Stewart that he was to attempt to purchase "crack" cocaine from Merlin Clark. Before Stewart went into the apartment project, McCollum searched Stewart, placed a recording device and transmitter on him, and gave him $500. Stewart was then dropped off near the Pearson Gardens complex and observed by task force agents, some of whom were in a surveillance van equipped with a video camera. Due to a failure in the video equipment, the video could not be linked up with the audio, and the agents had to rely on Stewart to verify the numerous voices that were recorded that day. As a result, the record of what exactly happened that day is not clear.

Dean Henry is a lifelong resident of St. Thomas, where he is a self-employed taxi operator. Henry, who frequented Pearson Gardens, was present on February 17, 1999, and in the weeks prior to the investigation had sold Stewart an ounce of marijuana. On the day in question, Henry and Stewart held a discussion regarding the price and terms of a drug transaction, which was observed on a videotape made by Officer Manning and recorded via the transmitter device. Henry subsequently left Pearson Gardens for approximately 20 or 30 minutes, during which time Stewart was talking with two other investigation targets, both of whom were suspected of involvement in drugs. The video equipment malfunctioned at this time. When Henry reappeared, he and Stewart went into an apartment in the complex to conduct the drug transaction, but there was no video, and only unintelligible audio surveillance of these events. Henry, as well as another individual who observed the transaction, testified that the drug involved was marijuana and that Stewart secreted the drug on his person. Stewart was then observed leaving the apartment and walking toward the rendezvous area to meet McCollum. During this time he was out of sight for 4 to 12 minutes.

When McCollum picked up Stewart, the latter produced a baggie with a substance that field-tested positive for "crack" cocaine. There is no evidence that any of the agents proceeded to search Stewart's person to confirm that he had no other drugs on him at the time. Stewart, however,

5

later admitted that he had hid some "crack" cocaine in his sleeve on that day in order to "lace" a marijuana cigarette. This obviously had not been discovered in the morning search. When the FBI subsequently learned of Stewart's behavior, they no longer considered him to be a reliable confidential source and sent him to California to enroll in a drug treatment program at the government's expense. Stewart has since left the program, and was unavailable to testify at Henry's sentencing hearing.

Henry was charged in a one-count indictment with possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. SS 841(a)(1) and 841(b)(1)(B)(iii). He subsequently pleaded guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. S 841(a)(1). Under the law at the time of his plea, the identity and quantity of the controlled substance was a sentencing factor to be judicially determined by a preponderance of the evidence at a sentencing hearing. See United States v. Watts , 519 U.S. 148, 156 (1997). Thus, Henry did not plead to any specific drug or quantity. Henry did offer to plead to one ounce of marijuana, but the government would not agree to this plea.

Subsequent to acceptance of the plea, the Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." As a result of this decision, and prior to the sentencing hearing, Henry requested the District Court to empanel a jury to determine the identity and weight of the controlled substance beyond a reasonable doubt. He did not move to withdraw his guilty plea (and counsel stated at oral argument that Henry does not desire to do so). The Court denied the request, holding that Apprendi did not apply because a conviction for either distribution of marijuana or cocaine base would result in a guidelines sentence less than the forty-year "statutory maximum penalty" that the court concluded would apply to a drug distribution crime. Thus, the court held a sentencing hearing on May 23, 2001, resolving the identity

6

and quantity issues under a preponderance of the evidence standard. The District Court found that the substance distributed by Henry was 22 grams of cocaine base. Accordingly, Henry was sentenced to the "mandatory minimum" sentence applicable to distribution of 22 grams of cocaine base -- five years. See 21 U.S.C. S 841(b)(1)(B)(iii).

This timely appeal followed. The District Court of the Virgin Islands had jurisdiction pursuant to 48 U.S.C. S 1612 and 18 U.S.C. S 3231. We have appellate jurisdiction under 28 U.S.C. S 1291. We review de novo a District Court's application of the Sentencing Guidelines and the possible constitutional implication of Henry's sentence under Apprendi. United States v. Williams, 235 F.3d 858, 861 (3d Cir. 2000).

II.

We recently addressed the quantity and identity issues, respectively, in United States v. Vazquez, 271 F.3d 93 (3d Cir. 2001) (en banc), and United States v. Barbosa, 271 F.3d 438 (3d Cir. 2001). In Vazquez we held that "an Apprendi violation . . . occurs if the drug quantity is not found by a jury beyond a reasonable doubt and the defendant's sentence under S 841 exceeds [the statutory maximum]." Vazquez, 271 F.3d at 98 (emphasis added). Similarly, in Barbosa we held that drug identity must be found by a jury beyond a reasonable doubt when the "defendant would be exposed to greater punishment depending upon . . . the identity of the controlled substance." Barbosa, 271 F.3d at 454. Although neither Vazquez nor Barbosa established a bright line rule that drug quantity and/or identity is always an element that must be found beyond a reasonable doubt by a jury, inasmuch as both identity and quantity are relevant to determining what the statutory maximum is when the sentence imposed is greater than the "catch-all" maximum of one year, we conclude that, under Vazquez and Barbosa, Apprendi has been violated in this case.

Barbosa involved the appeal of a man convicted for possession with intent to distribute more than 50 grams of

7

cocaine base and sentenced to 21 years in prison. At trial, there was a dispute as to whether Barbosa, a "swallower," intended to transport heroin or cocaine (he maintained that he thought he had swallowed heroin, but what he excreted following his apprehension was cocaine). While the jury found Barbosa guilty of trafficking in a controlled substance, the case was tried pre-Apprendi and the jury was not asked to make findings with respect to the identity or quantity of the substance. On appeal, Barbosa challenged his sentence based, in part, on Apprendi, arguing that the issue of which substance he intended to transport into the country should have been submitted to the jury and determined beyond a reasonable doubt. We agreed with Barbosa that drug identity should have been submitted to the jury, but we affirmed his conviction because, under the facts of the case, there was no plain error.

In concluding that Apprendi had been violated when drug identity was not submitted to the jury for a determination beyond a reasonable doubt, we observed:

> Congress separated controlled substances into five drug schedules, which are updated and republished on an annual basis. See 21 U.S.C. SS 802(6), 812(a). . . . Congress . . . provided for several "catch-all" provisions, all of which generally contain no reference to specific drug quantity or drug identity, except by schedule number. See, e.g., [21 U.S.C.] S 841(b)(1)(C) ("In the case of a controlled substance in schedule I or II . . ."); id. S 841(b)(1)(D) (". . . in the case of any controlled substance in schedule III . . ."); id. S 841(b)(2) ("In the case of any controlled substance in schedule IV . . ."); id. S 841(b)(3) ("In the case of a controlled substance in schedule V . . ."). The maximum penalties under these "catch-all" provisions range from one year (schedule V) to twenty years (schedules I and II).

Id. Thus, there are different "catch-all" maximums depending on drug quantity and identity. In Barbosa's case, we noted that "under the facts found by the jury, we [could not] unequivocally determine which of the `catch-all' provisions to invoke against Barbosa. Only under the

8

`catch-all' provision for a schedule I or II controlled substance would [his] twenty year sentence be within the prescribed statutory maximum." Id. at 455 (citation omitted). Since Apprendi requires us to analyze the permissible sentences authorized by the jury's verdict, which, in Barbosa's case, did not have any factual finding as to drug identity, we concluded that we could not "simply assume that only schedule I and II controlled substances are implicated merely because the evidence [presented to the jury] was so constrained." Id. at 456. Rather, since identity was not submitted to the jury, we held that Barbosa's twenty-year sentence "far exceeded the statutory maximums under the potentially applicable `catch-all' provisions . . . ." Id. In particular, not knowing the identity of the drug, we concluded that the only "catch-all" maximum penalty that could be imposed on Barbosa was one year -- the lowest statutory maximum under the "catch-all" provisions. See 21 U.S.C.S 841(b)(3).

Recognizing that prior cases had concluded that drug identity was a sentencing factor, not an element of the crime that had to be submitted to the jury, we did not go so far as to decide that identity is always an element. Cf. Vazquez, 271 F.3d at 108 (Becker, C.J., concurring) ("[D]rug type and quantity are always elements of an offense under S 84, and therefore must always be submitted to the jury for proof beyond a reasonable doubt.") (emphasis in original). Rather, we reaffirmed that "even after Apprendi, drug identity will not always be an element of a S 841(a) offense. . . . So long as the resulting, and possibly enhanced, sentence is below the statutory maximum authorized by the jury's factual findings , no Apprendi problem exists." Barbosa, 271 F.3d at 456-57 (emphasis added). However, what we did conclude in Barbosa is that in cases where drug identity is not known or found by the jury, "drug identity would not be an element [only] in those cases where the sentence imposed is below the lowest `catch-all' maximum of one year found in S 841(b)(3) . . . ." Id. at 457. This result was driven by our observation that, without a jury determination on the particular substance, we cannot assume the identity and, thereby, the provision under which the individual should be sentenced. Thus, the rule of Barbosa is that when the jury's

9

factual findings do not include a finding as to the identity of the drug beyond a reasonable doubt, Apprendi will be violated when the sentence exceeds the lowest "catch-all" statutory maximum of one year. See 21 U.S.C.S 841(b)(3).

III.

A.

In this case, as in Barbosa, an Apprendi violation has occurred because Henry was convicted without having the identity of the drug determined by a jury beyond a reasonable doubt and the sentence that Henry received exceeds one year, the lowest statutory maximum "under the potentially applicable `catch-all' provision[ ] . . . ." Barbosa, 271 F.3d at 456. Henry pleaded guilty to S 841(a)(1), possession of a controlled substance, but did not plead to any particular substance. The government points out that Henry "expressly admitted" to marijuana during the plea colloquy; however we decline to adjudicate this appeal as if Henry pleaded guilty to possession with intent to distribute marijuana. Henry's counsel stated to the Court that "[i]t is the defendant's position that the substance involved was marijuana," and that he was pleading guilty only to the crime as alleged in Count 1, which did not reference any particular substance.1

_____

1. The plea colloquy makes clear not only that Henry maintained that he was in possession of marijuana, not cocaine, but also that he did not plead to any particular substance:

> HENRY'S COUNSEL: Your Honor . . . Mr. Henry is pleading guilty to possession with intent to distribute a controlled substance. There is a disagreement between the Government and the Defendant as to exactly what that substance was and the weight and quality of it. It is the Defendant's position that the substance involved was marijuana, and it's his intent to plead guilty to the crime as alleged in Count 1. But he does disagree as to the substance, Your Honor.

10

We acknowledge that a lay reader may wonder what the harm would be in evaluating this appeal as if Henry had pleaded guilty to possession with intent to distribute marijuana since Henry expressly argued that the substance was marijuana. However, while Henry has always maintained that he possessed marijuana and not cocaine, his admission does not change the fact that Henry did not plead guilty to possession with intent to distribute marijuana. There is no indication that he was charged

_____

GOV'T COUNSEL: Your Honor, it appears -- and this is discussion [sic] that defense counsel and the Government would have -- is that under the Third Circuit and other circuits the identity as well as the quantity of this controlled substance is a sentencing factor, so that the determination of what the substance is is made by the sentencing court as a matter of the Court's decision and not the jury. So that the Defendant would be pleading to possession of a controlled substance. . . .

***

COURT: Mr. Henry, do you agree the Government could prove the facts against you as stated by [the government's attorney], with the exception of the identity of the substance?

***

COURT: [T]he issue of what that substance was will be, of course, reserved for sentencing. . . .

COURT: . . . Now, I'm going to read the Indictment and after I have read it, I'm going to ask how you plead to it, guilty or not guilty? And I'm going to omit the portion of the Indictment which identifies the substance. Now, the Grand Jury charges that this Count 1, on or about February 17 of 1999, at St. Thomas, in the District of the Virgin Islands, the Defendant Dean "Ras" Henry, did knowingly and intentionally possess with intent to distribute a controlled substance in violation of Title 21 of the U.S. Code, Section 841(a)(1) and as follows: Mr. Henry, how do you plead to the charge, guilty or not guilty?

HENRY: Guilty.

11

under 21 U.S.C. S 841(b)(1)(D), the provision for marijuana. Henry's admission, in and of itself, cannot be deemed a plea of guilty to the crime when he was never charged with that crime, especially since the government maintains that he is not guilty of that crime, but of the crime of possession with intent to distribute cocaine. Criminal trials are governed by rules and, thus, we cannot always bow to practical realities. Rather, in this case, we are constrained by the rule of Barbosa that when there is no finding beyond a reasonable doubt or stipulation as to the controlled substance, the court cannot simply assume the substance is of a particular kind. Moreover, the District Court stated explicitly that it was omitting any reference to drug identity when it read the Indictment to which Henry pleaded guilty. See supra note 1.

In sum, for purposes of analyzing this appeal, we dismiss any argument that Henry actually pleaded guilty to possession with intent to distribute marijuana. This conclusion is bolstered by the District Court's statement in its order denying Henry's request to apply Apprendi, stating that it "accepted Henry's plea of guilty to the generic section 841(a)(1) violation of knowingly and intentionally possessing with the intent to distribute an unidentified substance" (emphasis added).2

_____

2. Were we to conclude that Henry pleaded guilty to possession of marijuana, we would know the applicable statutory maximum and would be able to determine whether he received a sentence that exceeded that maximum. Moreover, if Henry had pleaded guilty to possession of marijuana, Apprendi would not be implicated since the 60-month sentence that Henry received is no more than the statutory maximum allowed for marijuana under 21 U.S.C. S 841(b)(1)(D). See, e.g., Edwards v. United States, 523 U.S. 511 (1998) (upholding sentence where jury did not determine the identity of the substance since the sentence imposed was within the lowest statutory maximum which would apply to either substance at issue); United States v. Williams , 235 F.3d 858 (3d Cir. 2000) (holding it to be irrelevant that the court determined a fact that increased the statutory maximum when the actual sentence imposed was below the original statutory maximum). To be sure, a 60-month sentence for possession with intent to distribute marijuana under 21 U.S.C. S 841(b)(1)(D) might constitute error under the Sentencing Guidelines in a case such as this, where the sentence is outside the

12

B.

Not knowing the identity or quantity of the substance, the District Court proceeded to conclude that Apprendi did not apply because it determined that "[t]he range of punishment facing Henry for conviction under section 841(a)(1) extends from a statutory maximum penalty of five years imprisonment and a fine for five grams or more of marijuana, see 21 U.S.C. S 841(b)(1)(D), to a statutory maximum of forty years, with a mandatory minimum of five years, and a fine for five grams or more of cocaine base, see 21 U.S.C. S 841(b)(1)(B)(iii)." The District Court relied on United States v. Williams, 235 F.3d 858 (3d Cir. 2000), which held that, post-Apprendi, it is up to the judge to determine the applicable statutory range by applying the sentencing guidelines, and that Apprendi is not violated as long as that range does not exceed the statutory maximum. Applying Williams, the District Court concluded that Apprendi was not implicated in this case because the Guideline range "as calculated in the presentence report for Mr. Henry does not and cannot exceed the statutory maximum of forty years," which is the statutory maximum applicable to possession with intent to distribute cocaine base under S 841(b)(1)(B)(iii). The District Court proceeded to determine the identity of the substance by a preponderance of the evidence, which is the appropriate standard that applies at a sentencing hearing. See United States v. Watts, 519 U.S. 148, 156 (1997) ("The Guidelines state that it is `appropriate' that facts relevant to sentencing be proved by a preponderance of the evidence, USSG S 6A1.3 comment, and we have held that application of the preponderance standard at sentencing generally satisfies due process.").

The teachings of Williams, however, are not applicable since we are not dealing with the District Court's

_____

applicable guideline range, notwithstanding the fact that Apprendi would not be implicated. See U.S. Sentencing Guidelines Manual S 5K2.O. However, it is precisely because we do not know the identity of the drug, and, thus, the applicable statutory maximum in the first place, that Apprendi is implicated in this case.

sentencing within a guideline range below a known statutory maximum. Indeed, post-Apprendi,"a District Court's sentence that is under the statutory maximum cannot be constitutionally objectionable under Apprendi." Williams, 235 F.3d at 863. In this case, however, any determination on drug identity would be "legally significant because it [would] increase[ ] . . . the maximum range within which the judge could exercise his discretion." Apprendi, 530 U.S. at 474.

As we noted in Barbosa, "Apprendi compels us to focus on the permissible sentences authorized by the jury's verdict." 271 F.3d at 456 (emphasis added). Unlike Williams, where the parties stipulated to the identity and quantity of the drug, there was no such agreement in this case. See Williams, 235 F.3d at 859. Henry's plea was only to S 841(a)(1), the generic section for possession of a controlled substance. Thus, since drug identity was not determined beyond a reasonable doubt in this case, and Henry was sentenced to 5 years, which is greater than the lowest "catch-all" maximum of one year, under Barbosa there is an Apprendi violation.

C.

We have previously concluded that an Apprendi error is not a structural defect, but instead, is subject to harmless or plain error analysis, depending upon the presence of an objection at trial. Vazquez, 271 F.3d at 103. If the defendant objects at trial, we review for harmless error. Since Henry raised the Apprendi issue at sentencing, we must determine, pursuant to Fed. R. Crim. Pro. 52(a), whether the error is harmless. See Neder v. United States, 527 U.S. 1, 7 (1999) (Fed. R. Crim. Pro. 52(a) "by its terms applies to all errors where a proper objection is made at trial."). Fed. R. Crim. Pro. 52(a) provides that"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

In Apprendi, the "Supreme Court recognized a new constitutional right grounded in the Due Process Clause and the Sixth Amendment's notice and jury trial guarantees." Vazquez, 271 F.3d at 101. Thus, to determine

14

whether the error was harmless, we apply the constitutional harmless error analysis set forth in Chapman v. California, 386 U.S. 18 (1967), and ask "whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Barbosa, 271 F.3d at 459 (citation omitted). The government bears the burden of persuasion. See Chapman, 386 U.S. at 24. A court should not find harmless error if "at the end of the examination [of the record],[we] cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent error." Neder , 527 U.S. at 15.

The government submits, and we agree, that the statutory maximum sentence that Henry would have faced had the District Court determined that he possessed with intent to distribute marijuana would have been 60 months under S 841(b)(1)(D). It is also true that Henry was, in fact, sentenced to 60 months. As a result, the government argues that there is no harm since Henry's sentence did not exceed the lowest statutory maximum sentence that would apply to either marijuana or cocaine. For this proposition, the government relies on Edwards v. United States, 523 U.S. 511 (1998), where the Supreme Court upheld the judge's power to make a determination under the sentencing guidelines with respect to drug identity when the sentence imposed is within the lowest statutory maximum which would apply under either of two possible drug substances.

We find, however, that Edwards is inapplicable to this case. In Edwards, the District Court instructed the jury that "the government must prove that the conspiracy . . . involved measurable amounts of cocaine or cocaine base." Id. at 513. The jury returned a general verdict of guilty. By so doing, the jury necessarily determined that the government had proven that the conspiracy involved cocaine or cocaine base. In this case, by contrast, there was no such determination, by a judge or a jury, with respect to the identity of the substance. Thus, when the judge sentenced the defendants in Edwards based on his finding that the illegal conduct involved both cocaine and cocaine base and the sentence imposed fell within the lower

15

statutory maximum for cocaine, there was no error since the element of drug identity had necessarily been determined by the jury. Since there was no such determination in this case, we fail to see how Edwards is controlling.

Moreover, we find the inquiry advanced by the government to be foreclosed by Barbosa. We cannot assume, simply because the evidence presented to the District Court was so limited, that the drug was either marijuana or cocaine. See Barbosa, 271 F.3d at 456 ("[B]ecause the identity of the drug was not submitted to the jury, we cannot simply assume that only schedule I and II controlled substances are implicated merely because the evidence was so constrained.").3 Moreover, if the substance were marijuana, under all the relevant and applicable factors under the sentencing guidelines, the maximum sentence that Henry would have faced would have been six months. As the government acknowledged at oral argument, it is inconceivable that Henry would have received a 60-month Guidelines sentence in this case if drug quantity was one ounce of marijuana given his

_____

3. In Barbosa, reviewing under the plain error standard under Fed. R. Crim. P. 52(b), where the defendant bears the burden of persuasion, we affirmed his conviction. We found that "Barbosa[could not] show that the error affected his substantial rights. The evidence established indisputably, and certainly beyond a reasonable doubt, that Barbosa possessed with the intent to distribute 882 grams of a controlled substance and that this controlled substance was cocaine base." Barbosa, 271 F.3d at 460. The inquiry under Barbosa was quite different from the inquiry we are presented with here. In Barbosa, although the jury was not asked to determine beyond a reasonable doubt the identity of the substance, it was presented with a great deal of evidence with respect to the identity of the drug. Noting that"[i]ndeed, cocaine base and heroin were the only controlled substances presented to the jury through the evidence at trial, the former through the testimony of the DEA forensic chemist," we proceeded to conclude that, "[n]onetheless, we may confidently infer that the jury, in convicting Barbosa and rejecting the entrapment defense, necessarily found the controlled substance to be cocaine base." Id. at 460. We also concluded that "a defendant who is in actual possession of a particular controlled substance, while intending to distribute another, may be punished for the drug with which he is found to be in possession." Id. at 459. Thus, intent is irrelevant.

16

criminal history score of 1. Under the Guidelines Manual, these factors result in a punishment range of zero to six months. See U.S. Sentencing Guidelines Manual S 2D1.1(c)(17) (2000) (classifying the offense level as 6); U.S. Sentencing Guidelines Manual Sentencing Table (2000) (diagraming sentences based on offense level and criminal history). The District Court's conclusion that the substance was cocaine meant that Henry was subject to a mandatory minimum sentence of 60 months. Thus, the mere fact that Henry received a sentence that did not exceed the statutory maximum for marijuana does not render the error harmless in this case.

D.

To recapitulate, we conclude that the error in this case was not harmless because we cannot say beyond a reasonable doubt that Henry would have received a 60-month sentence if the quantity and identity of the substance had been determined by a jury beyond a reasonable doubt. No evidence was presented to a jury for a determination of the identity and quantity issues. Rather, the evidence of drug identity and quantity was presented to the judge during the sentencing hearing and the determination was made by a preponderance of the evidence. We also note that, under the circumstances, the rules of evidence did not apply. See Fed. R. Evid. 1101(d)(3). This raises the further complication of evaluating whether there was sufficient evidence that would have led a jury to conclude beyond a reasonable doubt that the substance was cocaine, since it is not clear that the evidence presented to the District Court met the standard of admissibility of evidence presented to a jury for a determination beyond a reasonable doubt.

Two additional points buttress our conclusion. First, 18 U.S.C. S 3661 prohibits any "limitation . .. on the [kind] of information" a sentencing court may consider about the defendant's "background, character and conduct." Thus, what the Court considered at the sentencing hearing could have encompassed information that would otherwise be inadmissible if presented to a jury. Second, the District Court stated during the sentencing hearing that it did not

17

think that the government had established beyond a reasonable doubt that the substance was cocaine, rather than marijuana.

IV.

Having concluded that there was an Apprendi violation that was not harmless error, we are presented with the novel issue of the proper remedy in such a case (where the defendant pleaded guilty to the general crime). Apprendi teaches us that "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (emphasis added). We find it consistent with the mandate of Apprendi to remand for a jury to determine these facts beyond a reasonable doubt. This is what Henry requested in the District Court. We see no reason why a jury cannot be convened for the sole purpose of deciding the facts that will determine the sentence. After all, that is the job of the jury as fact-finder.

In view of the foregoing, the judgment of the District Court will be vacated and the case remanded to that Court for a determination by a jury, beyond a reasonable doubt, as to the identity and quantity of the drug possessed by Henry with intent to distribute, and then for resentencing.

A True Copy:
Teste:

    Clerk of the United States Court of Appeals
    for the Third Circuit

18