UNITED STATES of America,

v.

Kenneth SPENCER.

No. 02–2017.

United States Court of Appeals, Third Circuit.

Argued July 15, 2003.

Decided March 8, 2004.

Ellen C. Brotman, (Argued), John Rogers Carroll, Peter W. Cooley, Carroll & Brotman, Philadelphia, PA, for Appellant, Kenneth Spencer.

Gregory A. Paw, (Argued), Assistant United States Attorney, Robert A. Zauzmer, Assistant United States Attorney, Senior Appellate Counsel, Laurie Magid, Deputy United States Attorney for Policy and Appeals, Patrick L. Meehan, United

States Attorney, Philadelphia, PA, for Appellee, United States of America.

Before McKEE, BARRY and ROSENN, Circuit Judges.

## OPINION OF THE COURT

McKEE, Circuit Judge.

Kenneth Spencer, a former Philadelphia Police officer, appeals his convictions for aiding and abetting a conspiracy to possess cocaine base and heroin with the intent to distribute; possessing cocaine base with intent to distribute, or aiding and abetting such possession; and using a telecommunications facility to facilitate a drug trafficking crime.[1] For the reasons that follow, we will affirm.

### I.

Spencer, an experienced narcotics officer, started dating a drug dealer named Johanna Guzman[2] in the summer of 1997 after participating in a police raid of her residence in January of that year. Guzman's mother received daily deliveries of drugs, and Johanna periodically sold drugs for her mother.[3]

On August 12, 1998, Guzman was selling crack for her mother. That same day, police were planning a raid on Guzman's block in an effort to stem the drug sales occurring there. The officers assembled for the raid included Spencer. Spencer called Guzman to inform her that police were going to raid her house, as well as several other houses on her block. Spencer made a series of calls to Guzman as he got more information about the raid. During one call Spencer asked Guzman to remove anything that connected the two of them from the house, and to act as though she did not know him when he showed up to execute search warrants. Upon receiving his calls, Guzman stopped her drug sales and put her diary and photos in her car along with some crack that she had not been able to sell before receiving the warning.

A short time later, Spencer and other police arrived at Guzman's home to serve warrants. During the ensuing search, one of the officers discovered 25 grams of crack cocaine in Guzman's car along with her diary and pictures of her and Spencer. Spencer was subsequently indicted and a jury convicted him of the aforementioned offenses. He was thereafter sentenced to 78 months of imprisonment, and this appeal followed. We will affirm.

### II.

Spencer makes three arguments on appeal. First, he states that the district court failed to properly instruct the jury that it must find drug quantity and identity beyond a reasonable doubt pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Second, he argues that the court erred in finding that he was responsible for the distribution of 75 grams of crack. Finally, he argues that the district court erred in instructing the jury on aiding and abetting.

██ Spencer first argues that the district court erred because the court did not

---

1. These were violations of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), 21 U.S.C. § 843(b), and 21 U.S.C. § 846.

2. The Government refers to Guzman as "Joana," but the defendant refers to her as "Johanna." We will use the defendant's spelling of her first name.

3. Guzman testified that she would usually sell three to ten "bundles" of crack in a given shift and that each bundle contained 24 bags of crack. Each bag contained approximately .05 grams.

properly instruct the jury that it must be convinced beyond a reasonable doubt of both the quantity and identity of the controlled substances involved. He argues that absent a jury finding he can only receive the four-year sentence provided for violations of 21 U.S.C. § 843(b).

In relevant part, the court charged the jury as follows:

Section 841(a)(1) of Title 21 of the United States Code makes it a crime for any person knowingly or intentionally to manufacture, distribute or dispense or possess with intent to manufacture, distribute or dispense a controlled substance.... You are instructed as a matter of law that cocaine base, crack and heroin are controlled substances. It is solely for you, the jury, to determine whether or not the Government has proven beyond a reasonable doubt that defendant (sic) distributed and/or possessed with the intent to distribute a controlled substance.

. . .

Although the Government must prove that a defendant knew that he possessed a controlled substance, the Government does not have to prove that such defendant knew the exact nature of the drugs in his possession. It is enough that the Government proves the defendant knew that he possessed some kind of a controlled substance.

. . .

The evidence received in the case need not prove ... the actual amount of the controlled substance that was part of the alleged transaction or the exact amount of the controlled substance alleged in the superseding indictment. The Government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was in fact knowingly and intentionally possessed by the defendant with the intent to distribute.

. . .

Under the aiding and abetting statute it is not necessary for the Government to show that the defendant himself committed the crime with which he is charged in order for you to find the defendant guilty. And that is so because a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

. . .

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime and that he willfully and knowingly seek by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally or in the case of a failure to act with the specific intent to fail to do something the law requires to be done, that is to say with a bad purpose either can (sic) disobey or disregard the law.

. . .

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions: Did he participate in the crime charged as something he wished to bring about? Did he associate himself with the criminal venture knowingly and willfully? Did he seek by his actions to make the criminal venture succeed? If he did, then the defendant is an aider and abettor and therefore guilty of the offenses. If on the other hand your answer to this series of questions—your answers to this series of questions are now (sic), then the defen-

dant is not an aider and abettor and you must find him not guilty.

App. 627–36.

The verdict form stated:

The jury unanimously agrees to the following verdicts . . .:

COUNT TWO (Aiding and abetting the conspiracy to distribute and possess with intent to distribute cocaine base ("crack") and heroin charged in Count One of the Superseding Indictment)

COUNT THREE (Possession with intent to distribute approximately 25 grams of cocaine base ("crack"), or, alternatively, aiding and abetting possession with intent to distribute approximately 25 grams of cocaine base ("crack"), on or about August 12, 1998)

COUNT FOUR (Knowingly and intentionally using a telecommunication facility to facilitate the commission of a felony drug violation, on or about August 12, 1998)

App. at 653. After each of the three counts, the jury had the option of marking either "GUILTY" or "NOT GUILTY." The jury indicated that it found the defendant guilty of all three counts by marking an "X" next to "GUILTY" and dating the form.

Spencer argues that "[t]he jury's only finding on drug identity or quantity is in Count 3, which relates to aiding and abetting Johanna Guzman's possession of 25 grams of cocaine base ('crack') on August 12, 1998. However, this finding is meaningless because the trial court's instructions eliminated the need for the government to prove either weight or type of controlled substance." Appellant's Br. at 19.

As noted above, the court did instruct that "the Government does not have to prove that [the] defendant knew the exact nature of the drugs in his possession. It is enough that the Government proves that the defendant knew that he possessed some kind of controlled substance." App. at 631. Spencer argues that the court repeated the substance of that charge when charging the jury on the law that applied to the charge of aiding and abetting. Moreover, at yet another point, the court charged that "[t]he evidence received in the case need not prove—need not prove the actual amount of the controlled substance that was part of the alleged transaction or the exact amount of the controlled substance alleged in the superseding indictment." *Id.* at 633.

We must interpret portions of a jury charge in context of the overall charge and avoid viewing phrases from an instruction in "artificial isolation." *United States v. Park*, 421 U.S. 658, 674, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975); *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). The Government argues that the charge, so viewed, properly informed the jury of the applicable law. However, the language just quoted does tell the jury, in very clear terms, that the Government need not prove "the precise nature of the controlled substance" involved here. Nevertheless, Spencer can not obtain relief based upon this error.

Although Spencer does not highlight this fact, he stipulated to the identity of the drugs that police seized from Guzman's car on the day of the raid. The stipulation reads that "the active ingredient in the substances seized on August 12, 1998, . . . was cocaine base, commonly called 'crack'." App. at 645. Accordingly, the identity of the substance seized was never an issue that the jury had to resolve, and the confusion that may have resulted from the court's charge could not have prejudiced the defendant. *See United States. v. Henry*, 282 F.3d 242, 249 (3d. Cir.2002) (stating that a court can not assume "substance is of a particular kind" absent a finding of reasonable doubt or a stipulation).

■ Spencer's claim for relief based upon the error as to drug quantity under *Apprendi* does not warrant relief either. He argues that the jury did not make any finding regarding the amount of drugs in Count 2, and that it could have reasonably interpreted some jury instructions as obviating the need to determine any quantity of drugs involved in Count 3 (possession). As to Count 3, he again points to the following instruction: "The evidence received in the case need not prove ... the actual amount of the controlled substance that was part of the alleged transaction or the exact amount of the controlled substance alleged in the superseding indictment."

We agree that nothing on this record establishes that the jury was ever asked to determine the drug quantity for Count 2. The fact that the drug quantity for Count 3 was printed on the verdict form provides some support for the government's position as to that Count, but the language of the verdict form is negated by the court's explicit instruction that the government need not prove the exact amount listed in the indictment. Once again, this does not mean that Spencer is entitled to relief.

As noted above, there is no issue as to the quantity of the substance involved because Spencer stipulated that the drugs weighed 25.9 grams. An error occurs under *Apprendi* only if the sentence imposed is greater than the maximum sentence authorized by the jury's findings. *Henry*, 282 F.3d at 250. Here, given the stipulation and conviction, Spencer was responsible for 25 grams of crack cocaine *at the very least. Cf. id.* at 250–51 (finding that, where drug identity was not submitted to the jury, the maximum sentence permitted by the jury's verdict was one year under the catch-all provision of 21 U.S.C. § 841). For Count 2, he was charged with crack and heroin; for Count 3, he was charged with crack. Crack is a Schedule II sub-

stance; heroin is a Schedule I substance. *See* 21 U.S.C. § 812.

21 U.S.C. § 841(b)(1)(c) provides a maximum sentence of 20 years (240 months) in prison for possession of any amount of a Schedule I or II substance. Spencer's sentence of 78 months was, therefore, far below the maximum authorized by the jury's verdict. Accordingly, there is no error under *Apprendi. Henry*, 282 F.3d at 250; *see also United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir.2001) (en banc).

■ Spencer argues that the district court erred in finding that he was responsible for the distribution of 75 grams of crack at sentencing. We review the sentencing court's calculation for clear error. *United States v. Collado*, 975 F.2d 985, 990 (3d Cir.1992).

A defendant's sentence "depends to a great extent upon the quantity of drugs deemed relevant" to the offenses he/she is convicted of. *Id.* at 990 (internal quotation marks omitted). A sentencing court is allowed to estimate the drug quantity attributable to the defendant based on his/her role in the conspiracy and reasonable foreseeability with respect to the conduct of coconspirators. *Id.* at 992, 993, 995; *see also United States v. Gibbs*, 190 F.3d 188, 203 (3d Cir.1999). "[S]ome degree of estimation must be permitted, for the government usually cannot seize and measure all the drugs that flow through a large drug distribution conspiracy." *Collado*, 975 F.2d at 998. However, the district court must perform "a searching and individualized inquiry into the circumstances surrounding each defendant's involvement in the conspiracy," in performing a foreseeability analysis. *Id.* at 995. A district court's calculation of the relevant drug quantity must be based on more than mere speculation; its determination must be supported by a preponderance of the evidence. *Gibbs*, 190 F.3d at 203.

Here, the district court estimated the amount attributable to Spencer by starting with the 25 grams in Count 3 that was seized from Guzman's car. The court then examined the record and found that the testimony established that Spencer had warned Guzman about raids before the raid at issue on August 12, 1998. The testimony regarding the number of occasions on which he had previously warned her about police raids was not precise; the estimates ranged from as few as three to as many as ten. The court took the lowest number of prior warnings clearly established by the evidence (three) and multiplied that by 25, the number of grams seized on August 12, and reasoned that at least 75 grams were foreseeable.[4] Further, the district court concluded that Spencer must have known that Guzman would share his tips with her mother and others involved in the conspiracy would benefit. Given Spencer's background as an experienced narcotics officer, the court's conclusion is unassailable. Accordingly, the 75 grams attributed to Spencer is an exceedingly conservative estimate.

Spencer also argues that Guzman's testimony was unreliable. However, given Spencer's conviction, it is obvious that Guzman's testimony was sufficiently credible to establish Spencer's guilt beyond a reasonable doubt. Moreover, the 25 grams on which the court based its calculation did not rest solely on Guzman's testimony. That amount was actually seized from her car, and Spencer stipulated to that weight. The evidence would have supported a higher quantity given testimony about the way crack was "bundled," the amount of drugs that had been seized on prior occasions when Guzman's couriers had been arrested on her block, and the amount of drugs sold during a typical "shift."

Spencer argues that the district court committed three errors in instructing the jury on aiding and abetting. First, he argues that the district court used language that could be interpreted by the jurors to remove the requisite intent from the elements of all the offenses the government had to prove. Second, he argues that the district court used language that told the jurors they could convict him of aiding and abetting without proof of any element. Finally, he argues that the district court erroneously told the jurors that they needed to answer all three questions posed to them—each one regarding an element of the aiding and abetting charge—in the negative to acquit him of the aiding and abetting charge. Instead, the court should have instructed them that if they answered any one of the questions in the negative, they should acquit.

Spencer did not object to the instructions and we therefore review for plain error. *United States v. Wolfe*, 245 F.3d 257, 260–61 (3d Cir.2001) (citing to Fed. R.Crim.P. 52(b)).

■ The district court instructed the jury on the elements of aiding and abetting, 18 U.S.C. § 2, as follows:

> As to Count 1, that someone possessed with intent to distribute cocaine base, crack, and heroin during the period of the conspiracy charged in Count 1 of the superseding indictment and that someone did so knowingly and intentionally. You need not find that Defendant Spencer did so because he is charged with aiding and abetting that conspiracy, and I'll get to the aiding and abetting issue in just a moment.

App. at 628–29.

Spencer argues that this instruction was incorrect because the jury could have rea-

---

**4.** Since Spencer was clearly responsible for the 25 grams seized, the court actually treated the evidence as though it only established two prior warnings.

sonably interpreted the language: "you need not find that Defendant Spencer did so" as stating that the jury need not find that he acted knowingly and intentionally. He argues that, as a result, the jury could have convicted him without finding that he acted with the requisite intent.

The only reasonable interpretation of the phrase, "[y]ou need not find that Defendant Spencer did so because he is charged with aiding and abetting that conspiracy," is that the jury had to find that someone possessed drugs as described in the previous sentence but not necessarily Spencer himself. Applying the language "[y]ou need not find that Defendant Spencer did so" only the part of the previous sentence that states the necessary intent is unreasonable. We do not believe the jury could interpret the instruction as telling it to ignore the intent requirement for all three counts when this requirement is clearly stated elsewhere.

■ The court charged the following regarding aiding and abetting:

Under the aiding and abetting statute it is not necessary for the Government to show that the defendant himself committed the crime with which he is charged in order for you to find the defendant guilty. And that is so because a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

App. at 633–34. Spencer argues that the language in the first sentence is wrong because the Government must prove that he committed the crime with which he is charged before the jury can find him guilty. The court clearly meant to say that the defendant himself committed the underlying crimes, the conspiracy alleged in Count 2 and the possession in Count 3. However, after saying the above, the court immediately instructed the jury as follows:

Accordingly, you may find Defendant Spencer guilty of aiding and abetting the conspiracy charged in Count 1 or of aiding and abetting the possession with intent to distribute charged in Count 3 if you find beyond a reasonable doubt that the Government has proven the existence of the conspiracy or the existence of the crime of possession with intent to distribute charge in Count 3 and that Defendant Spencer aided or abetted in the commission of those offenses.

. . .

Obviously, no one can be convicted of aiding and abetting the criminal acts of others if no crime was committed in the first place. But if you find that the crime of conspiracy was committed or if you find that the crime of possession with intent to distribute as charged in Count 3 was committed, then you must consider whether Defendant Spencer aided or abetted the commission of those crimes. In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime and that he willfully and knowingly seek by some act to help make the crime succeed.

App. at 634–35.

This correctly states the law, and eliminates the problem caused by the first misstatement. *See Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). This case is therefore distinguishable from *Francis v. Franklin,* 471 U.S. 307, 322–24, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) where the Supreme Court found jury instructions faulty because two sentences in the jury's instructions contradicted each other. There, the Supreme Court found that "[n]othing in these specific sentences or in the charge as a whole makes clear to the jury that one of these contradictory instructions carries more weight

than the other." *Id.* at 322, 105 S.Ct. 1965. Here, however, the correct instructions eliminated any potential problem.[5]

█ Spencer argues the court also erred in giving the following instruction:

> To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions: Did he participate in the crime charged as something he wished to bring about? Did he associate himself with the criminal venture knowingly and willfully? Did he seek by his actions to make the criminal venture succeed? If he did, then the defendant is an aider and abettor and therefore guilty of the offenses. If on the other hand your answer to this series of questions—your answers to this series of questions are now (sic), then the defendant is not an aider and abettor and you must find him not guilty.

App. at 635–36.

The problem arises because a reasonable jury could have interpreted this as allowing conviction if only one element is not proven rather than requiring proof of all three elements. In *United States v. Gordon,* 290 F.3d 539, 545 (3d Cir.2002), we stated that a similar instruction was defective because it allowed the jury to answer "no" to any one of the questions described above and still convict. Although the instructions here were preceded by step-by-step descriptions of each required element necessary to find that the defendant was aiding and abetting the crimes in Counts 2 and 3, this was also true of the instruction in *Gordon* where we found the instruction defective. *Id.*

However, this instruction does not rise to the level of plain error because it is not relevant to the dispositive issue before the jury. *Id.* Spencer took the stand and denied that he ever warned Guzman of any police raid. Accordingly, Spencer can not now meet his burden of establishing the prejudice necessary for plain error review. The jury obviously believed that he did warn Guzman, and that is supported by the evidence. Therefore, this erroneous portion of the charge was not relevant to the jury's deliberation and it therefore survives plain error review. Accordingly, we find no plain error for his conviction for aiding and abetting.

### III.

Having found all of the defendant's assertions of error meritless, we affirm the verdict below on all counts.

---

5. *See also United States v. Barbosa,* 271 F.3d 438 (3d. Cir.2001) (holding that once evidence established the identity of the controlled substance, the Government need not establish the defendant specifically knew the correct identity as long as he/she knew it was a controlled substance).