NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2695
_____

UNITED STATES OF AMERICA

v.

RON DELANO KUNTZ,
Appellant

_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 3-17-cr-00026-003
District Judge:  The Honorable Curtis V. Gomez

_____

Submitted Under Third Circuit L.A.R. 34.1 (a)
December 10, 2021

Before: McKEE, RESTREPO, and SMITH, *Circuit Judges*

(Filed:  January 25, 2022)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*

Ron Delano Kuntz was convicted of participating in a robbery of a jewelry store. He appeals his conviction and sentence. Because the District Court committed no error, we will affirm.

Kuntz was indicted for Conspiracy to Commit Hobbs Act Robbery, 18 U.S.C. § 1951, Hobbs Act Robbery, 18 U.S.C. §§ 1951, 1952, and Brandishing a Firearm during a Federal Crime of Violence, 18 U.S.C. § 924(c)(1)(A). Kuntz pled not guilty, and he was tried along with two of his co-conspirators, Keon Wilson and Shawn McIntosh. At trial, the testimony demonstrated that there was a conspiracy to rob a jewelry store in St. Croix. The day before the robbery, Kuntz picked up four men who would eventually rob the store, and he drove them to a Walgreens store where he and one of the men purchased straw hats and sunglasses. The individuals then wore the hats and sunglasses during their commission of the planned robbery. They also pointed a gun at the manager, smashed a jewelry case, and took jewelry before escaping. At trial, a cooperating witness, Robert Brown, identified Kuntz as a member of the conspiracy and stated that he served as a lookout. The Jury convicted Kuntz on all counts.

After the trial, a prisoner who was incarcerated with Brown claimed that he overheard Brown say that he testified against Kuntz only because Brown believed Kuntz was a government witness. This was brought to the attention of Kuntz's counsel. At the time, the prisoner was represented by Attorney Carl Williams who, at one point, represented both Brown and Kuntz. By the time trial commenced, however, both Brown and Kuntz had separate counsel.

The Court sentenced Kuntz to 78 months' imprisonment on Count One, Conspiracy to Commit Hobbs Act Robbery, and Count Two, Hobbs Act Robbery, to be served concurrently and 84 months' imprisonment on Count Three, Brandishing a Firearm During a Federal Crime of Violence, to be served consecutively. The court also ordered Kuntz to pay $161,350 in restitution.[1]

On appeal, Kuntz argues that: (1) due to a conflict of interest he was deprived of his Sixth Amendment right to effective assistance of counsel; (2) there was insufficient evidence to convict him on all counts; (3) the Court erred in its jury instructions by stating that Hobbs Act Robbery is a crime of violence and by giving a *Pinkerton* instruction; and (4) the Court erred in applying a sentencing guideline based on the amount of restitution owed and by imposing more restitution than the evidence suggested at trial. We address each argument in turn.[2]

Kuntz was not denied effective assistance of counsel. As we have explained, "to prove a conflict of interest violative of the sixth amendment, a defendant ha[s] to prove (1) multiple representation that (2) created an actual conflict of interest that (3) adversely affected the lawyer's performance." *Gov't of V.I. v. Zepp*, 748 F.2d 125, 135 (3d Cir. 1984) (quoting *Sullivan v. Cuyler*, 723 F.2d 1077, 1084 (3d Cir. 1983)) (cleaned up). By the time

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3241. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
[2] Kuntz attempted to incorporate other arguments from his codefendants pursuant to Federal Rule of Criminal Procedure 28. His brief did not identify which issues he intended to adopt. Nor did it attempt to individualize any arguments. His attempt to adopt arguments is therefore insufficient under Rule 28(i). *See United States v. Fattah*, 914 F.3d 112, 146 n.9 (3d Cir. 2019).

of trial, Kuntz and Brown each had his own counsel, so there was no conflict of interest. Further, there is no indication the previous sharing of counsel with Brown affected Kuntz's trial counsel. While he cites an email concerning the statement Brown made after trial, that post-trial statement could not have affected trial counsel's examination of Brown. Thus, Kuntz was not denied effective assistance of counsel.[3]

Second, viewed in the light most favorable to the prosecution, there was sufficient evidence in this case to convict Kuntz on all charges.[4] Most notably, Brown identified Kuntz as a member of the conspiracy. Additionally, the Jury was not required to credit Kuntz's explanation that he bought the hats and sunglasses for a "beach party." They could have reasonably concluded he bought them as disguises for the robbery. Therefore, the evidence was sufficient to convict Kuntz of these charges.

Third, the Court did not err in its instructions.[5] Kuntz challenged the following two instructions: "[t]he defendants are charged in Count II of the Indictment with a crime of interference with commerce by robbery. I instruct you that interference with commerce by robbery is a crime of violence," App. at 492, and as to Count III, "each member of a

---

[3] Defendant also argues that the email shows that Brown committed perjury, and therefore "[D]efendant is entitled to relief." Appellant's Br. at 12. But the case Kuntz relies upon stands for the proposition that when the government knowingly presents false testimony, it violates the Due Process Clause. There's no assertion that the Government knew Brown's testimony was false. *Haskell v. Superintendent Greene SCI*, 866 F.3d 139, 145–46 (3d Cir. 2017). Additionally, the email does not prove that Brown presented false testimony: It could have explained Brown's decision to cooperate instead of remaining silent.

[4] Our standard of review for sufficiency of the evidence is *de novo*. *United States v. Lee*, 612 F.3d 170, 178 (3d Cir. 2010).

[5] As Kuntz argues that this violated his right to trial by jury, we exercise plenary review. *United States v. Henry*, 282 F.3d 242, 246 (3d Cir. 2002).

conspiracy is responsible for the crime and other acts committed by the other members." App. at 494. But both of these instructions are accurate statements of law. *See United States v. Walker*, 990 F.3d 316, 326 (3d Cir. 2021) (holding that Hobbs Act Robbery is a crime of violence); *United States v. Lopez*, 271 F.3d 472, 480 (3d. Cir. 2001) (citing *Pinkerton v. United States*, 328 U.S. 640 (1946)) (explaining that co-conspirators are responsible for the acts committed by other members of the conspiracy).

Finally, the Court did not err in determining the amount of restitution owed by Kuntz and by applying a related sentencing guideline.[6] First, the Jury did not have to find the amount of restitution imposed. *United States v. Leahy*, 438 F.3d 328, 337 (3d Cir. 2006) (en banc). It also did not have to find the amount stolen necessary for the guideline to apply because the guideline is merely discretionary. *United States v. Grier*, 475 F.3d 556, 565 (3d Cir. 2007) (en banc). The District Court needed to find, by a preponderance of the evidence, that the guideline could apply. *Id*. All the evidence presented was consistent: the loss was over $95,000—the amount required for the guideline to apply. U.S.S.G. § 2B3.1(7).

Finally, the Court did not abuse its discretion in imposing $161,350 worth of restitution. There was conflicting testimony as to the amount of the loss. Some of the sources, including the store owner's testimony at trial, established that the loss was less than $161,530. But there was also evidence which established that the loss was $161,530.

---

[6] We exercise plenary review over whether the jury was required to find the amount of restitution imposed. *Henry*, 282 F.3d at 246. The Court's determination of the amount of restitution is reviewed for abuse of discretion. *United States v. Quillen,* 335 F.3d 219, 221–22 (3d Cir. 2003).

The District Court did not abuse its discretion in relying upon a source which provided more comprehensive information than the estimation provided at trial.

Therefore, we will affirm the judgment of the District Court.