UNITED STATES of America,

v.

**Ifedoo Noble ENIGWE.**

**Criminal Action No. 92–257.**

United States District Court,
E.D. Pennsylvania.

July 30, 2002.

Robert R. Calo, Assist. U.S. Atty., Philadelphia, PA, for government.

Ifedoo Noble Enigwe, White Deer, PA, pro se.

### MEMORANDUM

DuBOIS, District Judge.

On May 6, 1992, Defendant Ifedoo Noble Enigwe was charged in a four-count indictment with importing and trafficking in heroin. He was convicted by a jury on all four counts on August 12, 1992, and, on August 13, 1993, was sentenced by this Court to, *inter alia,* 235 months in prison and five years of supervised release. Defendant is currently serving his sentence at FCI–Allenwood. Presently before the Court are a number of defendant's motions attacking either the validity of defendant's conviction and sentence or the Court's dismissal of various habeas corpus petitions under 28 U.S.C. § 2255.

### I. BACKGROUND

The Court sets forth only an abbreviated procedural history as pertinent to the pending motions. Some procedural history relevant to the pending motions is also set forth in the Court's discussion of each motion. A detailed factual and procedural history is included in the Court's previously reported opinions in this case. *See United States v. Enigwe,* No. 92–257, 2001 WL 708903, at *1–3 (E.D.Pa. June 21, 2001) (post-conviction procedural history); *United States v. Enigwe,* No. 92–257, 1992 WL 382325, at *2–3 (E.D.Pa. Dec. 9, 1992) (factual history).

Defendant's first habeas petition, which was filed on August 24, 1994, was finally denied (after a remand from the Third Circuit) on July 16, 1997. *United States v. Enigwe,* No. 92–257, 1997 WL 430993 (E.D.Pa. July 16, 1997), *aff'd,* 141 F.3d 1155 (3d Cir.1998), *cert. denied,* 523 U.S. 1102, 118 S.Ct. 1573, 140 L.Ed.2d 806 (1998). After that denial, defendant filed a number of motions which amounted to four separate successive habeas petitions.[1] In 1999 and 2000, while defendant's third and fourth habeas petitions were pending at various stages of litigation, defendant filed a number of motions raising claims with

---

1. Although under the relevant statutory language, *see* 28 U.S.C. § 2244(b), each habeas petition is properly characterized as "second or successive," for the sake of clarity, the Court refers to defendant's various "second or successive" petitions as defendant's second, third, fourth, and fifth petitions.

respect to his conviction, sentence, and the Court's denials of his earlier motions. By Order dated May 31, 2001, the Court granted Defendant's Motion to Dismiss Without Prejudice (Doc. No. 297, filed Jan. 16, 2001), and dismissed a number of those motions without prejudice. The motions dismissed without prejudice pursuant to that Order were as follows:

(1) Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 272, filed Jan. 6, 1999);

(2) Defendant's Rule 60(b)(6) Motion to Vacate This Court's Decision on Section 2255 Motion Entered Against Petitioner on July 16, 1997 (Doc. No. 274, filed Feb. 10, 1999);

(3) Defendant's Second or Successive Petition for Vacation of Conviction Pursuant to § 2255 (Doc. No. 278, filed Jan. 20, 2000);

(4) Defendant's Supplemental Motion to § 2255 Motion Pending Before This Court (Doc. No. 279, filed March 23, 2000);

(5) Defendant's Motion to Dismiss the Indictment Pursuant to Rule 12(b)(2) Fed.R.Crim.P. (Doc. No. 282, filed June 30, 2000);

(6) Defendant's Addendum to the Motions Sub Judice (Doc. No. 283, filed July 11, 2000); and

(7) Defendant's Emergency Motion for Bail (Doc. No. 285, filed July 31, 2000).

After this Court's dismissal of defendant's fifth habeas petition on June 21, 2001, *see United States v. Enigwe,* No. 92–257, 2001 WL 708903 (E.D.Pa. June 21, 2001), defendant filed a Motion to Reinstate Motions Which Were Dismissed Without Prejudice (Doc. No. 313, filed Aug. 10, 2001). The Motion to Reinstate seeks reinstatement of all of the above motions, with the exception of Defendant's Emergency Motion for Bail (No. 7 above),

which Motion defendant agrees the Court should dismiss with prejudice. Because the government does not oppose reinstatement of the six other motions addressed in defendant's Motion to Reinstate, the Court reinstates the six motions and considers them in this Memorandum.

After defendant filed his Motion to Reinstate, he filed three additional motions:

(1) Defendant's Rule 60(b)(6) Motion for Reconsideration of This Court's Order of June 21, 2001 (Doc. No. 323, filed Nov. 5, 2001) and Addendum to Motion Under Rule 60(b) Pending Before This Court (Doc. No. 325, filed Dec. 5, 2001);

(2) Defendant's Motion to Renew Bail (Doc. No. 332, filed March 7, 2002); and

(3) Defendant's Motion for Evidentiary Hearing (Doc. No. 342, filed May 22, 2002).

The parties have submitted extensive briefing on all of the pending motions. The Court now issues this Memorandum opinion to resolve all of the pending motions. For the reasons discussed below, the Court denies all of defendant's motions.

## II. *DISCUSSION*

The Court addresses all of the pending motions in six different subsections, as follows:

A. Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 272, filed Jan. 6, 1999);

B. Defendant's Rule 60(b)(6) Motion to Vacate This Court's Decision on Section 2255 Motion Entered Against Petitioner on July 16, 1997 (Doc. No. 274, filed Feb. 10, 1999);

C. Defendant's Fourth Habeas Petition (including Defendant's Second or Successive Petition for Vacation of

Conviction Pursuant to § 2255 (Doc. No. 278, filed Jan. 20, 2000); Supplemental Motion to § 2255 Motion Pending Before This Court (Doc. No. 279, filed March 23, 2000); and Addendum to the Motions Sub Judice (Doc. No. 283, filed July 11, 2000));

D. Defendant's Motion to Dismiss the Indictment Pursuant to Rule 12(b)(2) Fed.R.Crim.P. (Doc. No. 282, filed June 30, 2000);

E. Defendant's Rule 60(b)(6) Motion for Reconsideration of This Court's Order of June 21, 2001 (Doc. No. 323, filed Nov. 5, 2001); and

F. Remaining Pending Motions (including Defendant's Motion to Renew Bail Motion (Doc. No. 332, filed March 7, 2002); Defendant's Motion for Evidentiary Hearing (Doc. No. 342, filed May 22, 2002)).

## A. DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

In Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 272, filed Jan. 6, 1999), defendant argues that the Court should, under the authority granted to it in 18 U.S.C. § 3582(c)(2), reduce defendant's sentence based on Amendment 585 to the United States Sentencing Guidelines. *See* U.S.S.G. § 5K2.0, app. C supp., amend. 585 (1998) ("Amendment 585"). That Amendment, which conformed U.S.S.G. § 5K2.0 to the United States Supreme Court's decision in *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), has been interpreted to allow downward departures in sentencing ranges based on a defendant's post-conviction re-

habilitation. Given his significant rehabilitation while incarcerated, defendant argues, such a departure is appropriate in this case.

The government responds to defendant's argument by asserting that Amendment 585 cannot be applied retroactively to defendant under U.S.S.G. § 1B1.10. That provision provides, in relevant part:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10(a)

The government correctly argues that Amendment 585 is not listed in U.S.S.G. § 1B1.10(c), and, accordingly, should not be given retroactive effect. That, however, does not end the inquiry. An amendment to the Sentencing Guidelines may be applied retroactively even if not listed in § 1B1.10(c) if the amendment embodies a non-substantive, but clarifying, change to the Guideline sentencing range. *See United States v. Marmolejos,* 140 F.3d 488, 490–91 (3d Cir.1998). Defendant argues that Amendment 585 is such a non-substantive, clarifying amendment in light of language in the Amendment providing that it "makes minor, non-substantive changes that improve the precision of the language of § 5K2.0." [2]

2. The Court notes that defendant has stated only one of the three purposes of the Amendment. That part of the Amendment provides in its entirety as follows:

The purpose of this amendment is to reference specifically in the general departure policy statement the United States Supreme Court's decision in *United States v. Koon*

The Court concludes, however, that it need not resolve the question whether Amendment 585 constitutes a clarifying amendment. The Court reaches this determination because defendant's argument that he is entitled to a departure under the amended Guideline omits a threshold analysis of § 3582(c)(2)—the statute defendant cites as allowing him to seek a modification of his sentence.

■ Section 3582(c)(2) provides an exception to the general rule that a Court may not modify a term of imprisonment once imposed; it allows for modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). By its terms, the provision applies only to Guideline amendments that affect a *sentencing range*. Thus, the essential question in analyzing defendant's Motion for a departure is whether Amendment 585 affects defendant's sentencing range. The Court concludes that it does not. Rather, § 5K2.0 is a policy statement providing guidance as to when a sentencing court may, in its discretion, "impose a sentence *outside the range* established by the applicable guidelines." U.S.S.G. § 5K2.0 (emphasis added). Because § 5K2.0 does not provide a sentencing range, an amendment affecting that section, like Amendment 585, is not within the ambit of § 3582(c)(2). Accordingly, defendant cannot use § 3582(c)(2) to seek a reduction in his sentence based on Amendment 585. *See United States v. Caldwell*, 155 F.Supp.2d 292, 294 (E.D.Pa.2001) (conducting similar analysis); *United States v. Santiago*, 2000

WL 760743, at *1 (D.Me. March 21, 2000) (same).

## B. DEFENDANT'S RULE 60(b)(6) MOTION TO VACATE THE COURT'S DENIAL OF DEFENDANT'S FIRST HABEAS PETITION

In Defendant's Rule 60(b)(6) Motion to Vacate This Court's Decision on Section 2255 Motion Entered Against Petitioner on July 16, 1997 (Doc. No. 274, filed Feb. 10, 1999), defendant moves to vacate the Court's dismissal of defendant's first § 2255 petition. *See United States v. Enigwe*, No. 92–257, 1997 WL 430993 (E.D.Pa. July 16, 1997). Such a vacatur is justified under Rule 60(b)(6), defendant argues, because the Court was biased against defendant in deciding the petition. According to defendant, that bias manifested itself in the Court's determination that defendant's testimony during an evidentiary hearing on his first § 2255 petition concerning his willingness to plead guilty was not credible. *See id.* at *6–9 (discussing inconsistencies in defendant's testimony).

At the outset, the Court notes the unsettled state of the law with respect to whether defendant may use Rule 60(b)(6) as a procedural vehicle for the result he seeks—relief from the Court's judgment dismissing his habeas petition. Although the Third Circuit has not decided the issue, a "majority of circuit courts ... have held that a Rule 60(b) motion to vacate a judgment denying habeas either must or may be treated as a second or successive habeas petition." *Rodriguez v. Mitchell*, 252 F.3d 191, 199–200, 200 n. 2 (2d Cir. 2001) (collecting cases). Under this view,

[*sic*], 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). This amendment (1) incorporates the principal holding and key analytical points from the *Koon* decision into the general departure policy statement,

§ 5K2.0; (2) deletes language inconsistent with the holding of *Koon;* and (3) makes minor, non-substantive changes that improve the precision of the language of § 5K2.0.

defendant would be required to file an application with the Third Circuit seeking an order authorizing the instant Motion. *See* 28 U.S.C. § 2244(b)(3). On the other hand, the Second Circuit has adopted a different view: "that a Rule 60(b) motion to vacate a judgment denying habeas is not a second petition under § 2244(b)." *Id.* at 200. In arriving at this conclusion, the Second Circuit placed special emphasis on the nature of the Rule 60(b) motion before it. Instead of challenging "the integrity of the state criminal trial" like a habeas petition, the motion "relate[d] to the integrity of the federal habeas proceeding." *Id.* at 199.

Defendant's motion in this case is similar to the one that was before the Second Circuit in *Rodriguez.* His argument that the Court was biased against him does not challenge the integrity of his trial, but, instead, challenges the integrity of the habeas proceeding. This does not, however, finally answer the question whether Rule 60(b) may be used in this Circuit to vacate denials of habeas petitions. In the absence of a Third Circuit decision on the issue, district courts in this Circuit have tended toward the majority view—that such motions should be treated as second or successive habeas petitions. *See, e.g., United States v. Hernandez,* 158 F.Supp.2d 388, 390 (D.Del.2001) (citing *Burke v. United States,* 1999 WL 1065217, at **1–2 (E.D.Pa. Nov.23, 1999); *Dietsch v. United States,* 2 F.Supp.2d 627, 637 (D.N.J.1998)).

The Court concludes that it need not resolve the question in this case because, even if the Court treated defendant's Rule 60(b)(6) Motion as distinct from a second or successive habeas petition, defendant's

Motion would fail on the merits. This is a result of the fact that the only ground stated in defendant's Motion—the Court's alleged bias against defendant—has been finally decided against defendant. Defendant's arguments mirror those made in his Motion for Recusal of Judge under 28 U.S.C. § 144. The Court denied that Motion, and, in so doing, concluded that defendant's allegations of the Court's personal bias were insufficient as a matter of law because defendant failed to make the necessary showing of extrajudicial bias; all of the facts defendant advanced as purported evidence of bias "relate[d] to proceedings involving Enigwe and information the Court has learned in the course of its participation in this case." *United States v. Enigwe,* 155 F.Supp.2d 365, 370–72 (E.D.Pa.2001).

Defendant's arguments in the instant Motion suffer from the same flaw. The Court's determination that Enigwe's testimony at the hearing on his first § 2225 petition regarding his willingness to plead guilty was not credible, which determination defendant argues was a result of the Court's bias, was based on the Court's "experience with defendant" and "the benefit of having actually heard defendant's testimony." *Enigwe,* 1997 WL 430993, at *9. Thus, because the alleged bias stemmed solely from the Court's decision on defendant's credibility, this Motion under Rule 60(b) will be denied.

## C. DEFENDANT'S FOURTH HABEAS PETITION

At the outset, the Court notes that each of the three claims defendant raises in the filings constituting defendant's fourth habeas petition [3] appears to have been previ-

---

**3.** The Court treats the instant habeas petition as comprising the following documents: (1) Defendant's Second or Successive Petition for Vacation of Conviction Pursuant to § 2255 (Doc. No. 278, filed Jan. 20, 2000); (2) Supplemental Motion to § 2255 Motion Pending

Before This Court (Doc. No. 279, filed March 23, 2000); and (3) Addendum to the Motions Sub Judice (Doc. No. 283, filed July 11, 2000). The Court notes that Defendant's Motion to Dismiss the Indictment Pursuant to

ously decided against defendant. In brief, defendant's three claims in the petition, as amended, are: (1) newly discovered evidence in the form of a third party's affidavit claiming that defendant did not commit the acts which were the subject of the Indictment proves defendant's innocence; (2) the Court did not properly instruct the jury at trial on drug type and quantity, a violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)[4]; and (3) the Court's enhancement at sentencing of defendant's offense level under U.S.S.G. § 3B1.1(a) for role in the offense similarly violated *Apprendi.*

The Third Circuit rejected defendant's first such claim on May 26, 2000, in denying his application to file a second or successive § 2255 petition. *In re Ifedoo Noble Enigwe*, No. 00–1278, slip op. (3d Cir. May 26, 2000)[5]; *see also United States v. Enigwe*, No. 92–257, 2001 WL 708903, at *5 n. 7 (E.D.Pa. June 21, 2001) (discussing Third Circuit's reasoning for rejecting defendant's new-evidence claim). As to defendant's second and third claims, this Court rejected claims that substantially mirrored those claims in its June 21, 2001,

dismissal of defendant's fifth habeas petition. *Id.* at *4–5.[6]

To the extent defendant seeks to have the Court consider (or reconsider) any elements of the three claims raised in the fourth habeas petition by reinstating the underlying motions, the Court may not do so. As defendant admits, these filings constitute a successive habeas petition. Defendant has not obtained authorization from the Court of Appeals to pursue this successive petition as required by 28 U.S.C. § 2244(b)(3). The Court must, therefore, dismiss the following of defendant's Motions: (1) Defendant's Second or Successive Petition for Vacation of Conviction Pursuant to § 2255 (Doc. No. 278, filed Jan. 20, 2000); (2) Supplemental Motion to § 2255 Motion Pending Before This Court (Doc. No. 279, filed March 23, 2000); and (3) Addendum to the Motions Sub Judice (Doc. No. 283, filed July 11, 2000).

■ Defendant's argument that this Court has jurisdiction to address his claims on the merits—to the extent they might not have already been so addressed—does not alter the Court's conclusion. It is correct that, in some circum-

---

Rule 12(b)(2) Fed.R.Crim.P. (Doc. No. 282, filed June 30, 2000) repeats some of the arguments made in the three filings constituting the habeas petition. Nevertheless, in light of defendant's argument that the Motion to Dismiss the Indictment is distinct from a habeas petition, the Court will treat that Motion independently. *See infra* § II.D.

4. As discussed more thoroughly below, *see infra* § II.E.3, the rule of *Apprendi* cited by defendant provides that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348.

5. In light of the Third Circuit's May 26, 2000, denial of defendant's new-evidence claim, defendant should not have been permitted to voluntarily dismiss without prejudice the en-

tirety of the three pending motions constituting the fourth habeas petition, *see supra* note 3, as the Court permitted him to do in its May 21, 2001, Order. Because those motions, to the extent they raised a new-evidence claim, had already been dismissed by the Third Circuit, this Court's May 21, 2001, Order should have dismissed the new-evidence claim *with* prejudice. In light of the Court's current disposition of the Motions, however, no further corrective action is required.

6. This Court addressed those claims on the merits only after the Third Circuit, performing its gatekeeping function under 28 U.S.C. § 2244(b)(3), allowed them to proceed in its December 8, 2000, Order. *In re Ifedoo Noble Enigwe*, No. 00–3558, slip op. (3d Cir. Dec. 8, 2000). The fifth habeas petition is the subject of one of defendant's Rule 60(b) motions, which the Court addresses below. *See infra* § II.E.

stances, the gatekeeping provisions of § 2255 ¶ 8 do not apply to habeas petitioners seeking to file second or successive petitions when the petitioner's first habeas petition was filed before the enactment of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See In re Minarik*, 166 F.3d 591, 602 (3d Cir. 1999) (concluding that if habeas petitioner could "show that he would have been entitled to pursue his second petition under pre-AEDPA law," then retroactivity principles preclude "applying AEDPA's new substantive gatekeeping provisions to bar his claims"). However, this Court has no jurisdiction to decide whether defendant falls into those special circumstances excluding him from the requirements of § 2255 ¶ 8. That analysis is one to be conducted by the Court of Appeals. *Id.* at 609.[7] Thus, to the extent defendant believes the instant Motions should not be evaluated under AEDPA's substantive gatekeeping provisions, he must raise that argument with the Third Circuit.

### D. DEFENDANT'S MOTION TO DISMISS THE INDICTMENT PURSUANT TO FED. R. CRIM. P 12(b)(2)

In Defendant's Motion to Dismiss the Indictment Pursuant to Rule 12(b)(2) Fed. R.Crim.P. (Doc. No. 282, filed June 30, 2000), defendant's primary argument is that one of the statutes under which he was prosecuted, 21 U.S.C. § 952(a), is "indefinite," and, accordingly, the Indictment's charge that defendant violated that statute did not charge an offense. The

Indictment may be challenged under Fed. R.Crim.P. 12(b)(2), defendant's argument continues, because, under that Rule, objections that an indictment "fails ... to charge an offense ... shall be noticed by the court at any time during the pendency of the proceedings." Defendant additionally raises a claim under *Apprendi*, that the Indictment was invalid for failing to specifically reference the drug type and quantity at issue in the case. Finally, defendant argues that he did not waive certain claims at a 1997 evidentiary hearing on his first habeas petition.

Although some of defendant's arguments resemble those raised in defendant's several habeas petitions, *see supra* note 3, defendant argues that Rule 12(b)(2) provides him with a procedural mechanism distinct from a petition under § 2255. In making this argument, defendant seeks to avoid the substantive gatekeeping provisions governing second or successive habeas petitions under § 2255 ¶ 8. The Court concludes, however, that defendant's argument is without merit.

Defendant reads the language of Rule 12(b)(2) to allow a motion like the instant one to be "raised at any time," including, defendant argues, at this stage of the proceeding, well after the conclusion of direct review. This is an improper reading of the rule. Rule 12(b)(2) provides that motions challenging an indictment based on the indictment's purported failure to charge an offense "shall be noticed by the court at any time during the pendency of the proceedings." The "pendency

---

7. The Third Circuit's language was explicit on this point:

> We hold that *anyone* seeking to file a second or successive petition under 28 U.S.C. § 2254 after April 24, 1996, *must move in the appropriate Court of Appeals* for an order authorizing the District Court to consider the application. When such a motion is filed by a petitioner whose previous petition

was filed before that date, *the Court of Appeals* must apply the substantive gatekeeping standards of 28 U.S.C. § 2244(b) as amended by AEDPA unless such application would bar a second or successive petition that could have been considered by the District Court under the law existing at the time the previous petition was filed.

*Minarik*, 166 F.3d at 609 (emphasis added).

of the proceedings" for purposes of Rule 12(b)(2) concludes upon the completion of a defendant's direct appeal. *See United States v. Wolff*, 241 F.3d 1055, 1056 (8th Cir.2001) (holding that, after final judgment was entered and defendant did not file a direct appeal, the proceedings were no longer pending under Rule 12(b)(2)); *Rice v. United States*, 132 F.Supp.2d 162, 163 (S.D.N.Y.2001) (holding proceedings no longer pending for Rule 12(b)(2) purposes after conviction affirmed on appeal). Defendant's direct appeal concluded in 1994. The proceedings in this case are, therefore, no longer pending for purposes of Rule 12(b)(2).

Because relief under Rule 12(b)(2) is not available to defendant, the relief defendant requests in the instant Motion—dismissal of the Indictment—should be characterized as a collateral attack on his conviction under 28 U.S.C. § 2255. *See United States v. Miller*, 197 F.3d 644, 647–49 (3d Cir.1999) (discussing practice of characterizing post-conviction motions challenging validity of conviction as habeas petitions); *Rice*, 132 F.Supp.2d at 163 (quoting 28 U.S.C. § 2255) (noting that relief petitioner sought in form of Rule 12(b)(2) motion "is properly sought under § 2255, which provides the avenue for a prisoner to attack his sentence after the conclusion of trial and appeal when 'the court was without jurisdiction to impose such a sentence.' "). Before so characterizing defendant's Motion, however, the Court must consider the Third Circuit's ruling in *Miller*, which held that "upon receipt of pro se pleadings challenging an inmate's conviction or incarceration—whether styled as a § 2255 motion or not—a district court

should issue a notice to the petitioner regarding the effect of his pleadings." *Miller*, 197 F.3d at 652.

■ The Court concludes that the Court's characterization of the Rule 12(b)(2) Motion as a § 2255 motion does not, under *Miller*, require notice to defendant in this case. The holding in *Miller* was based, in part, on the Third Circuit's decision that a habeas petitioner should receive notice that a court's characterization of a postconviction motion as a habeas petition would result in the petitioner losing the "ability to file successive petitions absent certification by the court of appeals." *Id.* at 652. That rationale does not apply in all cases, however, particularly when a habeas petitioner "has already had one or more § 2255 motions dismissed on the merits, because the AEDPA leave-to-file requirement [in § 2244(b)(3)] is already applicable to him." *Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir.2002) (citing *Adams v. United States*, 155 F.3d 582 (2d Cir.1998)).[8] Defendant in this case has had three [9] post-AEDPA § 2255 petitions denied. The leave-to-file provisions of § 2244(b)(3) are already applicable to him, thus defeating the underlying rationale of *Miller's* notice requirement.

In light of defendant's procedural posture, the Court concludes that it must characterize defendant's Rule 12(b)(2) Motion as a habeas petition under § 2255. Because this petition is a second or successive one, and because defendant has not sought leave to file the instant Motion as a second or successive petition in the Court of Appeals as required by § 2244(b)(3), the Court dismisses the petition. *See United*

---

**8.** The Court notes that the Third Circuit's *Miller* decision was based on the Second Circuit's reasoning in *Adams*. The Second Circuit's further explanation of *Adams* in *Roccisano* should thus apply with equal force to this Circuit's *Miller* rule.

**9.** Defendant's second petition (filed Jan. 22, 1998), third petition (filed July 30, 1998), and fourth petition (filed Jan. 20, 2000), were all filed after the enactment of AEDPA and were all denied. *See Enigwe*, 2001 WL 708903, at *1–3 (detailing post-conviction procedural history).

States v. Morehead, No. 97CR391, 2000 WL 1788398, at *2–3, *5 (N.D.Ill.Dec.4, 2000) (characterizing Rule 12(b)(2) motion as second or successive habeas petition and dismissing for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A)); cf. Rice, 132 F.Supp.2d at 163–64 (characterizing Rule 12(b)(2) motion as habeas petition and finding Adams rationale requiring notice of such characterization inapplicable because motion was untimely under § 2255).

## E. DEFENDANT'S RULE 60(b)(6) MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF DEFENDANT'S FIFTH HABEAS PETITION

In defendant's Rule 60(b)(6) Motion for Reconsideration of This Court's Order of June 21, 2001 (Doc. No. 323, filed Nov. 5, 2001), defendant asks the Court to reconsider its June 21, 2001, dismissal of his fifth habeas petition. United States v. Enigwe, No. 92–257, 2001 WL 708903, (E.D.Pa. June 21, 2001). Reconsideration is appropriate, defendant argues, because of the Court's statement, in addressing defendant's Apprendi claim, that "Apprendi does not require the Court to submit drug quantity to a jury in this case." Id. at *5. The Court's statement is undermined, defendant argues further, by two recent Third Circuit decisions, United States v. Vazquez, 271 F.3d 93 (3d Cir.2001), and United States v. Barbosa, 271 F.3d 438 (3d Cir.2001), which hold, respectively, that drug quantity and identity constitute elements—in some cases—of narcotics offenses. See also United States v. Henry, 282 F.3d 242, 246–48 (3d Cir.2002) (explaining progression of Apprendi doctrine in Vazquez and Barbosa). According to defendant, these decisions require the Court to reduce defendant's sentence to one year, and, because defendant has served more than ten years in prison, order his release.

The government advances three arguments in response to defendant's Motion, as follows: (1) defendant cannot obtain the requested relief in the form of a Rule 60(b) motion because such a motion is equivalent to a second or successive habeas petition and defendant has not received authorization from the Court of Appeals to proceed with such a petition; (2) even if defendant can pursue the requested relief in a Rule 60(b) motion, he may not obtain relief under Apprendi, because the Third Circuit has held such relief unavailable in the context of a second or successive habeas petition; and (3) even if defendant could seek relief under Apprendi, he cannot establish that the purported errors at his trial and sentencing constituted plain error.

The Court will address defendant's motion by considering in turn each of the government's arguments as to why relief should not be available.

### 1. Use of a Motion Under Rule 60(b)

The government is correct in stating that, as discussed above, see supra § II.B., many courts have found motions under Rule 60(b) filed by prior habeas petitioners equivalent to second or successive habeas petitions requiring the authorization of the Court of Appeals. As the Court pointed out above, however, the Third Circuit has yet to decide this issue. Although the Court concluded that the procedural posture of defendant's other pending Rule 60(b) motion did not necessitate the Court's resolving the issue, the Court concludes that the procedural posture of the instant Motion requires rejection of the government's argument.

In the instant Rule 60(b) Motion, defendant attacks the validity of the Court's rejection of his fifth habeas petition. Before proceeding with that petition in this Court, defendant sought authorization from the Court of Appeals under 28 U.S.C.

§ 2244(b)(3). The Third Circuit granted that application. It did so upon concluding that, because the retroactivity principles discussed in *In re Minarik*, 166 F.3d 591, 609 (3d Cir.1999), as to successive habeas petitioners who had filed their first petition before the enactment of AEDPA, applied to defendant, and because defendant made a prima facie showing of cause and prejudice with respect to his *Apprendi* claims, AEDPA does not apply to those claims. *In re Ifedoo Noble Enigwe*, No. 00–3558, slip op. (3d Cir. Dec. 8, 2000). The effect of the Third Circuit's ruling is to except defendant's *Apprendi* claims from the substantive gatekeeping provisions of § 2255 ¶ 8.

In the instant Rule 60(b) Motion, defendant makes essentially the same *Apprendi* arguments as he made in the underlying habeas petition, with modifications based on recent case law. For the government to succeed in its argument as to the propriety of defendant's use of Rule 60(b), the Court would have to conclude that the Third Circuit's ruling excepting defendant's *Apprendi* claims from the limitations of the AEDPA does not apply to his similar Rule 60(b) motion. The Court finds no basis for such a distinction. Accordingly, the Court rules that, in light of the Third Circuit's determination that § 2255 ¶ 8 does not apply to defendant's *Apprendi* claims, defendant may seek this Court's reconsideration of its dismissal of those *Apprendi* claims under Rule 60(b).

## 2. Retroactive Application of *Apprendi* on Collateral Review

■ The retroactive application of *Apprendi* to cases on collateral review has been an oft-litigated question. *See, e.g., United States v. Moss*, 252 F.3d 993, 997 n. 4 (8th Cir.2001) (collecting cases addressing retroactivity of *Apprendi* ); *United States v. Pinkston*, 153 F.Supp.2d 557, 560–61 (M.D.Pa.2001) (same). The Court concludes that there is ample authority for the proposition that, as the government argues, *Apprendi* does not apply retroactively to defendant.[10]

---

**10.** The government's argument relies on the Third Circuit's decision in *In re Turner*, 267 F.3d 225 (3d Cir.2001). In that case, the Third Circuit considered an application to file a second or successive habeas petition raising *Apprendi* claims. Because the court concluded that *"Apprendi* has not been 'made retroactive to cases on collateral review by the Supreme Court,' "* it denied the application. *Id.* at 227 (quoting 28 U.S.C. § 2255 ¶ 8).

The Court notes, however, that *Turner* does not necessarily foreclose relief to defendant. Other courts have recognized that there are at least two separate retroactivity inquiries in the habeas context: (1) whether a rule has been "made retroactive" such that the petitioner may pursue a second or successive application under the AEDPA substantive gatekeeping provisions, as explicitly decided in *Turner;* and (2) whether a rule should be applied retroactively to first habeas petitions. *See Arroyo v. United States*, 2002 WL 662892, at *4 (S.D.N.Y. April 22, 2002) (citing *Forbes v. United States*, 262 F.3d 143, 146 n. 5 (2d Cir.2001)) (noting that Second Circuit's *Forbes* decision as to whether *Apprendi* had been "made retroactive" did not decide the question whether *Apprendi* is applicable retroactively to first habeas petitions). Because the Third Circuit has concluded that the substantive gatekeeping provisions governing second or successive habeas petitions do not apply to defendant's *Apprendi* claims, defendant's petition might arguably be characterized as equivalent to a first petition.

The retroactivity inquiry as to first habeas petitions embodies the familiar analysis under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which governs the retroactivity of new procedural rules. In *Turner*, the Third Circuit did not explicitly decide whether *Apprendi* is retroactive under *Teague*. *See Turner*, 267 F.3d at 231 n. 4 (stating that *Apprendi* might "arguably" satisfy *Teague's* second exception allowing retroactive application of "watershed" new rules of procedure). *But see United States v. McBride*, 283 F.3d 612, 616 n. 1 (3d Cir.2002) (citing *Turner* and explaining that Third Circuit has held "that the new rule in *Apprendi* was not retroactive to cases on collateral review").

At least four courts of appeals—the Fourth, Eighth, Ninth, and Eleventh Circuits—have squarely addressed the question of *Apprendi's* retroactivity. All have all held that *Apprendi* does not apply retroactively. *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir.2001); *United States v. Moss,* 252 F.3d 993, 997 (8th Cir.2001); *United States v. Sanders,* 247 F.3d 139, 147 (4th Cir.2001); *Jones v. Smith,* 231 F.3d 1227, 1236 (9th Cir.2000). Numerous district courts in this Circuit have reached the same conclusion. *See, e.g., United States v. Robinson,* 2001 WL 840231, at *4 (D.Del. July 20, 2001); *Pinkston,* 153 F.Supp.2d at 560–61; *Levan v. United States,* 128 F.Supp.2d 270, 278–79 (E.D.Pa.2001); *United States v. Gibbs,* 125 F.Supp.2d 700, 706–07 (E.D.Pa.2000). Moreover, the fact that the Third Circuit has applied a plain error review standard to *Apprendi* errors, *see Barbosa,* 271 F.3d at 459–61; *Vazquez,* 271 F.3d at 99–106, as opposed to remanding to the district court for correction of the error, is indicative of the Third Circuit's view that the new rule announced in *Apprendi* does not rise to the level of a watershed rule that can be applied retroactively to cases on collateral review under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See Levan,* 128 F.Supp.2d at 278 (noting that because "[t]he standard for invoking structural error on direct review is similar to the *Teague* test," courts' refusing to label *Apprendi* errors as structural errors supports decision not to retroactively apply *Apprendi* ).

This Court agrees with the thorough analyses conducted in the decisions cited above and sees no reason to rehash the retroactivity analysis in this case. Accordingly, the Court concludes that the new rule of *Apprendi* cannot be applied retroactively to defendant's habeas petition, and defendant may not now challenge the purported *Apprendi* error at his trial.

### 3. Merits of Defendant's *Apprendi* Argument

Notwithstanding this Court's conclusion that *Apprendi* does not apply retroactively, the Court proceeds to address the merits of defendant's *Apprendi* claim. The rule established in *Apprendi* provides that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. Defendant argues that his trial and/or sentence violated *Apprendi* because the Court did not submit the element of drug identity to the jury.[11]

As explained by the Third Circuit in *Barbosa,* drug identity "must be treated as an element only when it results in a sentence beyond the relevant statutory maximum." *Barbosa,* 271 F.3d at 457. The relevant statutory maximum in drug cases depends upon the identity of the drug at issue. Defendant argues that the relevant statutory maximum in this case should be governed by 21 U.S.C. § 841(b)(3), which provides the "lowest 'catch-all' maximum of one year." *Id.*

Even if defendant is correct that not submitting drug identity to the jury in this case constituted error under *Appren-*

---

The Court thus concludes that the law is unclear as to whether *Turner* governs defendant's fifth habeas petition as argued by the government. Nevertheless, the authority discussed in the text amply supports the government's position—that *Apprendi* does not apply retroactively to defendant.

**11.** As discussed below, the Court's conclusion that defendant's substantial rights were not impacted by any *Apprendi* error as to drug identity eliminates the necessity of considering defendant's additional argument that there was *Apprendi* error as to drug quantity.

*di,* this purported error does not in and of itself mandate relief for defendant. Rather, as the Third Circuit has held, objections to *Apprendi* errors not raised at trial are subject to plain error review. *Vazquez,* 271 F.3d at 99 (citing Fed. R.Crim.P. 52(b)); *see also United States v. Campbell,* 295 F.3d 398, 404 (3d Cir.2002); *Barbosa,* 271 F.3d at 453–54. The Court notes that, as defendant argues, plain error review is not typically the province of the district court, but, rather, a form of review conducted by courts of appeals concerning errors not noticed at the district court level. Nevertheless, the Third Circuit has concluded that an *Apprendi* error "involves not just a sentencing error but also a trial error," *see Vazquez,* 271 F.3d at 101–02, and, it has rejected an argument that *Apprendi* violations constitute "structural defects." *Id.* at 102–03. The effect of these rulings is that *Apprendi* errors do not, *a fortiori,* require retrial or resentencing. Instead, the rulings require a court to conduct a substantial-rights inquiry— examination of the entire record in a case. No *Apprendi* remedy is "available if the court determines that the evidence was sufficiently conclusive to support the sentence actually imposed." *Id.* at 101.

Accordingly, in evaluating the merits of defendant's *Apprendi* claim, the Court must examine the evidence adduced at trial. Defendant's argument to the contrary, that the plain error rule and its component substantial-rights inquiry do not apply because a district court cannot conduct such a review, is unconvincing. The Third Circuit undertook the substantial-rights inquiry in *Vazquez* and *Barbosa,* both of which were on direct appeal. To order resentencing without conducting that inquiry in this case merely because of its procedural posture—collateral review in a district court—would result in treating habeas petitioners raising *Apprendi* errors more favorably than defendants raising *Apprendi* errors on direct appeal. Neither *Vazquez* nor *Barbosa* countenance such a distinction.

Additionally, the Court notes that district courts in habeas cases commonly conduct harmless error analysis under Fed. R.Crim.P. 52(a). That analysis closely resembles plain error analysis under Fed. R.Crim.P. 52(b). "The substantial rights inquiry under each provision is essentially identical." *Vazquez,* 271 F.3d at 100 (citing *United States v. Olano,* 507 U.S. 725, 734–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).[12] Moreover, other courts addressing the merits of *Apprendi* claims in cases with similar procedural postures to the instant case have conducted such an inquiry. *See, e.g., Lawuary v. United States,* 199 F.Supp.2d 866, 874 (C.D.Ill.2002) (conducting substantial rights inquiry and referencing both harmless error and plain error review standards). Ultimately, the Court concludes that labeling the exact form of review conducted in this case presents an issue that the Court need not resolve. For present purposes, it is sufficient to state that the Court will undertake the substantial rights inquiry set forth in *Vazquez* and *Barbosa.*

Regardless of whether there was *Apprendi* error at defendant's trial or sentencing, the Court concludes that defendant cannot show that the purported error impacted his substantial rights. In reach-

---

**12.** The only distinction of any significance with respect to the two analyses concerns placement of the burden of proof. *Vazquez,* 271 F.3d at 100. Plain error analysis places the burden on the defendant, and harmless error analysis places the burden on the government. *Id.* The Court's conclusion in this case that defendant's substantial rights were not violated as a result of any purported *Apprendi* error at his trial or sentencing would remain the same regardless of whether the burden is on the government to prove the absence of harmless error or on the defendant to prove plain error.

ing this conclusion, the Court is guided by the Third Circuit's analysis in *Barbosa*. In that case, which involved a prosecution for distribution of cocaine base and heroin, those two drugs "were the only controlled substances presented to the jury through the evidence at trial." *Barbosa*, 271 F.3d at 460. The Third Circuit was, therefore, "convinced that a properly instructed jury would have come to ·no other conclusion than that the controlled substance at issue in this prosecution was cocaine base." *Barbosa*, 271 F.3d at 460.

■ With respect to the evidence of drug identity, this case is analogous to *Barbosa*. As described in one of the Court's earlier opinions summarizing the evidence presented at trial, *see United States v. Enigwe*, No. 92–257, 1992 WL 382325, at *2–3 (E.D.Pa. Dec. 9, 1992) (addressing defendant's Fed.R.Crim.P. 29 motion), the evidence concerning the narcotics obtained from defendant's co-conspirators was limited to heroin.[13] Defendant did not contest the government's argument that heroin was the only controlled substance found on his co-defendants. Rather, defendant argued that, instead of conspiring to import a controlled substance, he conspired to illegally import diamonds. *See Enigwe*, 1992

WL 382325, at *3.[14] The jury's verdict convicting defendant of importing a *controlled substance*, as opposed to diamonds, necessarily rejected · defendant's defense. Because the jury found that defendant conspired to import a controlled substance, and because the only evidence at trial concerning controlled substances related to heroin, this Court, like the Third Circuit in *Barbosa*, is "convinced that a properly instructed jury would have come to no other conclusion than that the controlled substance at issue in this prosecution was ..." heroin. *Barbosa*, 271 F.3d at 460.

This determination leads to the conclusion that the *Apprendi* error did not impact defendant's sentence. Heroin is a Schedule I drug. 21 U.S.C. § 812 Sched. I(b)(10). Under 21 U.S.C. § 841(b)(1)(C), the maximum sentence for crimes involving Schedule I controlled substances—regardless of quantity—is twenty years. Defendant's sentence of 235 months is less than twenty years.[15] Thus, the Court concludes that defendant's substantial rights were not affected by the *Apprendi* error at his trial and sentencing. *Cf. Barbosa*, 271 F.3d at 460 (finding no violation of substantial rights when defendant's sentence was twenty years and evidence conclusive-

13. The government additionally notes that defendant stipulated to the identity and quantity of the controlled substance at issue. Defendant argues in response that he did not knowingly sign the stipulation—although he recalls signing a stipulation, he has no recollection of it involving the identity and quantity of the controlled substances involved at trial. In conducting the substantial rights inquiry, the Court will not consider the stipulation. Because the Court concludes that the jury would have found beyond a reasonable doubt that the controlled substance at issue was heroin, the factual dispute as to the stipulation is mooted.

14. In this respect, the Court notes that this case is not like that presented to the Third

Circuit in *Henry* where the defendant contested the government's position that he had distributed cocaine base, arguing, instead, that he had distributed marijuana. *Henry*, 282 F.3d at 248.

15. Defendant's argument that the Court's imposition of supervised release for a term of five years following the conclusion of his imprisonment increases his 235–month sentence by sixty months does not change this conclusion. *United States v. Sanchez–Gonzalez*, 294 F.3d 563, 564–67 (3d Cir.2002) (rejecting argument that supervised release should be added to prison sentence in calculating whether a sentence is within statutory maximum for *Apprendi* purposes).

ly established statutory maximum of life imprisonment).

In summary, the Court concludes that *Apprendi* does not apply retroactively to defendant. Even if *Apprendi* did apply to defendant, however, the Court concludes that defendant's substantial rights were not impacted by any *Apprendi* error. Accordingly, assuming, *arguendo,* the applicability of *Apprendi,* defendant would not be entitled to either retrial or resentencing. Thus, the Court denies defendant's Rule 60(b) Motion based on *Apprendi.*

## F. REMAINING PENDING MOTIONS

The Court's disposition of the various motions above moots the remaining two pending motions. Defendant's Motion to Renew Bail Motion (Doc. No. 332, filed March 7, 2002), which seeks bail in light of defendant's argument under *Apprendi* that his sentence should be limited to one year, is rendered moot by the Court's rejection of that argument. *See supra* § II.E.3. Additionally, Defendant's Motion for Evidentiary Hearing (Doc. No. 342, filed May 22, 2002), seeking a hearing as to the circumstances surrounding defendant's signing of a stipulation concerning the identity and quantity of controlled substances at issue in defendant's trial, is mooted by the Court's reliance on other evidence in deciding the *Apprendi* issues. *See supra* note 13.

## III. *CONCLUSION*

For the foregoing reasons, the Court denies all of defendant's pending motions. An appropriate order follows.

### *ORDER*

**AND NOW,** this 30th day of July, 2002, upon consideration of Defendant's Motion to Reinstate Motions Which Were Dismissed Without Prejudice (Doc. No. 313, filed Aug. 10, 2001), and upon the government's agreement that the underlying motions dismissed without prejudice should be reinstated, **IT IS ORDERED** that said Motion is **GRANTED** and the following Motions are **REINSTATED**:

(1) Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 272, filed Jan. 6, 1999);

(2) Defendant's Rule 60(b)(6) Motion to Vacate This Court's Decision on Section 2255 Motion Entered Against Petitioner on July 16, 1997 (Doc. No. 274, filed Feb. 10, 1999);

(3) Defendant's Second or Successive Petition for Vacation of Conviction Pursuant to § 2255 (Doc. No. 278, filed Jan. 20, 2000);

(4) Defendant's Supplemental Motion to § 2255 Motion Pending Before This Court (Doc. No. 279, filed March 23, 2000);

(5) Defendant's Motion to Dismiss the Indictment Pursuant to Rule 12(b)(2) Fed. R.Crim.P. (Doc. No. 282, filed June 30, 2000);

(6) Defendant's Addendum to the Motions Sub Judice (Doc. No. 283, filed July 11, 2000); and

(7) Defendant's Emergency Motion for Bail (Doc. No. 285, filed July 31, 2000).

**IT IS FURTHER ORDERED** that upon defendant's agreement that Defendant's Emergency Motion for Bail (Doc. No. 285, filed July 31, 2000) should be dismissed with prejudice, said Motion is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that upon consideration of Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 272, filed Jan. 6, 1999); Defendant's Rule 60(b)(6) Motion to Vacate This Court's Decision on Section 2255 Motion Entered Against Petitioner on July 16, 1997 (Doc. No. 274, filed Feb. 10, 1999); Defendant's Second or Successive

Petition for Vacation of Conviction Pursuant to § 2255 (Doc. No. 278, filed Jan. 20, 2000); Defendant's Supplemental Motion to § 2255 Motion Pending Before This Court (Doc. No. 279, filed March 23, 2000); Defendant's Motion to Dismiss the Indictment Pursuant to Rule 12(b)(2) Fed. R.Crim.P. (Doc. No. 282, filed June 30, 2000); Defendant's Addendum to the Motions Sub Judice (Doc. No. 283, filed July 11, 2000); Defendant's Rule 60(b)(6) Motion for Reconsideration of This Court's Order of June 21, 2001 (Doc. No. 323, filed Nov. 5, 2001); Addendum to Motion Under Rule 60(b) Pending Before This Court (Doc. No. 325, filed Dec. 5, 2001); Defendant's Motion to Renew Bail (Doc. No. 332, filed March 7, 2002); and Defendant's Motion for Evidentiary Hearing (Doc. No. 342, filed May 22, 2002), for the reasons stated in the foregoing Memorandum, all of the said motions are **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that, based on the Court's conclusion that defendant has made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2) with respect to his claims that his trial and/or sentence violate the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), a certificate of appealability shall issue with respect to those claims.