**UNITED STATES of America,**

v.

**Ifedoo Noble ENIGWE.**

**Crim.A. No. 92–257.**

United States District Court,
E.D. Pennsylvania.

July 27, 2005.

### MEMORANDUM

DuBOIS, District Judge.

Presently before the Court is defendant, Ifedoo Noble Enigwe's, Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Enigwe moves to reduce his sentence in light of Amendment 500 to the United States Sentencing Guidelines. For the reasons set forth below, defendant's motion is denied.

### I. BACKGROUND

The Court sets forth only an abbreviated procedural history as pertinent to the pending Motion. A detailed factual and procedural history is included in the Court's previously reported opinions in this case. *See United States v. Enigwe,* 2003 WL 151385 at *2–6 (E.D.Pa. Jan, 14, 2003) (history of habeas proceedings); *United States v. Enigwe,* 212 F.Supp.2d 420 (E.D.Pa.2002); *United States v. Enigwe,* 2001 WL 708903, at *1–3 (E.D.Pa. June 21, 2001) (post-conviction procedural history); *United States v. Enigwe,* 1992 WL 382325, at *2–3 (E.D.Pa. Dec.9, 1992) (factual history).

On May 6, 1992, defendant Ifedoo Noble Enigwe was charged in a four-count indictment with importing and trafficking in heroin. He was convicted by a jury on all four counts on August 12, 1992, and, on August 13, 1993, this Court sentenced him to, *inter alia,* 235 months imprisonment and five years of supervised release. This sentence included a two-level enhancement for obstruction of justice and a four-level enhancement for defendant's leadership role in the offense. Defendant's conviction and sentence were affirmed by the United

States Court of Appeals for the Third Circuit in an unpublished decision on April 28, 1994. *United States v. Enigwe,* 26 F.3d 124 (3d Cir.1994), cert. denied, 513 U.S. 950, 115 S.Ct. 364, 130 L.Ed.2d 317 (1994).

## II. DISCUSSION

In sentencing defendant, this Court found that defendant was "an organizer or leader of a criminal activity that involved five or more participants" and therefore applied a four-level enhancement pursuant to U.S.S.G. § 3B1.1 (Tr. at 41). Enigwe now asks the Court to reconsider the imposition of that enhancement and modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

Title 18 U.S.C. § 3582(c)(2) provides an exception to the general rule that a court may not modify a term of imprisonment once imposed. The statute authorizes a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Enigwe contends that he is entitled to be re-sentenced in light of the enactment of Amendment 500 on November 1, 1993, which "clarifies the operation of" § 3B1.1 of the Guidelines. *See* U.S.S.G. § 3B1.1, App. Note 2 & Appendix C, Amendment 500.

At sentencing on August 13, 1993, the Court used the United States Sentencing Guidelines Manual effective November 1, 1992. Section § 3B1.1 as set forth in that manual provides as follows:

Based on the defendant's role in the offense, increase the offense level as follows:

> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

Prior to the enactment of Amendment 500, there was a split among the circuit courts as to when § 3B1.1 should apply. Some circuits concluded that a defendant must exercise control over other persons for § 3B1.1 to apply, while others concluded that a defendant need not necessarily exercise control over persons but that control over the property, assets or activities of a criminal enterprise was sufficient to warrant a § 3B1.1 enhancement. *Compare United States v. Fuentes,* 954 F.2d 151, 153 (3d Cir.1992); *United States v. Fuller,* 897 F.2d 1217 (1st Cir.1990); *with United States v. Chambers,* 985 F.2d 1263 (4th Cir.1993).

The Sentencing Commission issued Amendment 500 to clarify the application of § 3B1.1 and address the split among the circuit courts. The amended application note states:

> "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization." U.S.S.G. § 3B1.1, App. Note 2, and Appendix C, Amendment 500.

As explained by several circuits, "the amended application note permits an increased sentence whether the defendant exercised control over an individual within the criminal enterprise or merely exercised control over the property, assets or activities of the enterprise." *United States v. Gort–Didonato*, 109 F.3d 318, 321 (6th Cir.1997); *see also United States v. McFarlane*, 64 F.3d 1235, 1238 (8th Cir. 1995); *United States v. Giraldo*, 111 F.3d 21, 24 (5th Cir., 1997). Under the amended provision, where a defendant exerts control over at least one participant in a supervisory, managerial, leadership, or organizational capacity, a sentence enhancement is mandated by § 3B1.1. *See* U.S.S.G. § 3B1.1, App. Note 2 & Appendix C, Amendment 500. However, where a defendant does not exercise control over an individual but merely over property, assets, or activities, the court may, but is not required to, increase a defendant's sentence by an upward departure. *Id; see also Gort–Didonato*, 109 F.3d at 321.

Turning to the facts of this case, Enigwe argues that Amendment 500 is applicable because the evidence of record failed to establish that he had a leadership role over any particular persons. According to Enigwe, the evidence merely showed that he exercised management responsibility over the activities of a criminal organization. The Court disagrees.

At Enigwe's sentencing, based on the testimony of Keinya Collier and Tondalaya Short, the Court expressly found that Enigwe was an organizer or leader of a criminal activity that involved five or more participants. (Tr. at 4). Based upon this finding, the Court enhanced Enigwe's sentence four-levels pursuant to § 3B1.1(a). The Court did not rely on the asset management exception articulated in Amendment 500, but rather invoked the express language of § 3B1.1(a). In other words, the Court did not conclude, nor does it conclude today, that Enigwe merely controlled assets of a criminal enterprise. To the contrary, Enigwe was an organizer or leader of other criminal participants.[1] Based on this finding, the four-level enhancement was mandated. *See Gort–Didonato*, 109 F.3d at 322 (as of November 1, 1993, an enhancement under § 3B1.1 is warranted where defendant exerted control over at least one individual within a criminal organization).

Enigwe argues that *Jones v. United States*, 161 F.3d 397 (6th Cir.1998) supports his claim for relief. A careful reading of *Jones* reveals that Enigwe's reliance on it is misplaced, and the Court concludes that *Jones* supports its holding. In *Jones*, the defendant claimed that the district court erred by not applying Amendment 500 to § 3B1.1 to determine whether his sentence should be enhanced under that

---

**1.** On April 28, 1994, the Court of Appeals affirmed defendant's sentence stating that "the evidence showed that Enigwe, after recruiting, Short and Collier, assisted them in obtaining passports, purchased their round-trip tickets to and from the Philippines, transported them to the airport, provided them with spending money, paid for their accommodations in the Philippines and directed them to meet him at the Grand Hotel in New York upon their return to deliver the goods." *United States v. Enigwe*, No. 93–1806, slip op. at 6 (3d Cir.1994). Based upon this evidence, the Third Circuit concluded: "[t]he record at

trial and sentencing, thus, *clearly established that Enigwe was an organizer or leader of criminal activity that involved five or more participants* and further that it was otherwise extensive, involving an international heroin-smuggling organization." *Id* (emphasis added). This Court notes that, although it found at sentencing that Enigwe was an organizer or leader of a criminal activity that involved five or more participants, it made no finding that the criminal activity was "... otherwise extensive, involving an international heroin-smuggling organization," as stated by the Court of Appeals.

provision. The Sixth Circuit, in holding that the amendment was applicable to the defendant's sentence, remanded the case to the district court for re-sentencing because the court had enhanced the defendant's sentence solely on the ground that he exercised management responsibility over the property or assets (i.e., drugs) of the criminal organization. *Id.* at 403. Continuing, that court held that the district court mistakenly concluded that it could enhance the defendant's sentence regardless of whether the defendant exercised control over any persons in the criminal enterprise if the petitioner exercised control over the assets of the enterprise. *Id.* In so holding, the court explained that a finding that the defendant controlled assets or property is "sufficient for a discretionary upward departure," but cannot serve as "a basis for enhancement under U.S.S.G. § 3B1.1." *Id.* The *Jones* Court expressly stated that an enhancement is warranted only if the defendant exercised supervisory control over at least one other participant. *Id.*

Thus, turning again to the facts of this case, even if Amendment 500 had been in effect at the time of Enigwe's sentencing, the Court would have imposed the identical sentence as Amendment 500 is inapplicable to the case. That Enigwe exercised control over at least one participant is implicit in the Court's ruling at sentencing that Enigwe was an organizer or leader of a criminal activity that involved five or more participants pursuant to § 3B1.1. Therefore, the four-level sentence enhancement was mandatory. *See id.* Consequently, 18 U.S.C. § 3582(c)(2) does not empower the Court to modify Enigwe's

sentence and Enigwe's Motion to Modify Sentence is denied.[2] *Enigwe,* 212 F.Supp.2d 420, 424 (E.D.Pa.2002) (defendant cannot seek a modification of his sentence under § 3582(c)(2) if the Guideline amendment does not lower the defendant's sentencing range).

## III. CONCLUSION

For the foregoing reasons, the Court denies defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2).[3]

An appropriate Order follows.

### *ORDER*

**AND NOW,** this 27th day of July, 2005, upon consideration of Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 413, filed May 4, 2005), the Government's Response to Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 417, filed July 13, 2004); and Defendant's Reply (Document 418, filed July 18, 2005), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 413) is **DENIED.**

---

**2.** Based on the Court's conclusion that Amendment 500 is inapplicable to this case, the Court need not decide whether Amendment 500 is retroactive.

**3.** In a footnote in his reply to the Government's Response, Enigwe complains about

the amount of the monthly payments of his fine which, he states, the Bureau of Prisons requires him to pay. Enigwe is required to exhaust administrative remedies before bringing that matter to the attention of the Court and there is no evidence that he has done so.