

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-26-2005

# USA v. Enigwe

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2380

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Enigwe" (2005). *2005 Decisions*. Paper 649.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/649

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-289                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2380
_____

UNITED STATES OF AMERICA

v.

IFEDOO NOBLE ENIGWE,

Appellant
_____

On Appeal From the United States District Court
For the Eastern  District of Pennsylvania
(E.D. Pa. Crim. No. 92-cr-00257)
District Judge:  Honorable Jan E. DuBois
_____

Submitted for Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
on June 23, 2005

Before: ROTH, BARRY AND SMITH, <u>CIRCUIT JUDGES</u>

(Filed: August 26, 2005 )

_____

O P I N I O N
_____

**PER CURIAM**

In 1992, Ifedoo Enigwe was convicted of importing heroin in violation of 21

U.S.C. § 960(a) and related crimes.  He was sentenced to 235 months in prison.  This

Court affirmed his conviction and sentence in 1994. That year, Enigwe filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied.

Enigwe sought, without success, authorization to file several second or successive § 2255 motions, and to recall the mandate of his direct appeal. This Court then granted his application to file a second or successive § 2255 motion based on Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). The District Court denied the motion on the merits, and this Court denied a certificate of appealability. Enigwe subsequently filed additional applications to file second or successive § 2255 motions with no success.

The current appeal challenges the District Court's order denying Enigwe's motion for reconsideration of the denial of his Apprendi claim, based upon the Supreme Court's decisions in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), and Blakely v. Washington, 124 S. Ct. 2531 (2004). The District Court deferred ruling on the motion until the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), and then denied it on the merits and granted a certificate of appealability, after concluding that Enigwe properly brought his motion under Federal Rule of Civil Procedure 60(b). The District Court noted that it had previously allowed Enigwe to proceed under Rule 60(b) to seek reconsideration of the denial of his Apprendi claim because this Court had ruled that AEDPA did not apply to that claim. See United States v. Enigwe, 212 F. Supp. 2d 420, 430 (E.D. Pa. 2002).

AEDPA, however, did not apply to Enigwe's Apprendi claim because at the time

2

he sought to file his § 2255 motion based upon Apprendi, he had filed one § 2255 motion before the effective date of AEDPA, and he could have filed a second petition under pre-AEDPA law. See In re Minarik, 166 F.3d 591, 609 (3d Cir. 1999). Now that Enigwe has filed a post-AEDPA § 2255 motion, AEDPA applies, and any subsequent motion challenging his conviction or sentence requires the Court's authorization before filing.

A Rule 60(b) motion in this context may be adjudicated on the merits when the factual predicate of the motion attacks the manner in which an earlier habeas judgment was procured, and not the underlying conviction. Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004), cert. denied, 125 S. Ct. 1298 (2005). Enigwe's Rule 60(b) motion, however, does not attack the manner of his prior § 2255 proceeding, but his underlying sentence. If he were to succeed on his claim, his sentence would be vacated. The proper forum for this claim is a § 2255 proceeding. See id. Thus, Enigwe must obtain this Court's authorization before the District Court can entertain his claim.[1]

Because the District Court lacked jurisdiction over Enigwe's Rule 60(b) motion, we will vacate the District Court's order.[2]

---

[1]However, an application pursuant to 28 U.S.C. § 2244 for authorization to file a second or successive § 2255 motion raising a Booker claim would be denied. See In re Olopade, 403 F.3d 159, 160 (2005).

[2]Enigwe's request for a certificate of appealability in connection with the District Court's denial of his motion under Federal Rule of Criminal Procedure 12(b)(2) is denied. The District Court's procedural ruling is correct. See Slack v. McDaniel, 529 U.S. 473, 478 (2000). Enigwe's motion for appointment of counsel also is denied. Because the District Court lacked jurisdiction over the Rule 60(b) motion, appointment of counsel is not warranted based upon its grant of a certificate of appealability.

3