**UNITED STATES of America,**

v.

**Charles Lawrence CALDWELL.**

**No. CRIM. A. 94–310–01.**

United States District Court,
E.D. Pennsylvania.

April 27, 2001.

---

Joseph C. Santaguida, L. Felipe Restrepo, Krasner & Restrepo, Philadelphia, PA, for defendant.

Charles Lawrence Caldwell, Fairton, NJ, pro se.

Thomas Suddath, U.S. Attorney's Office, Zane D. Memeger, U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

### MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before this Court are the Petitioner's Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. Sec. 3582(c)(2) and U.S.S.G. Sec. 5K2.0 as Amended Effective Sunday, November 1, 1998 (Docket No. 112), and the Government's Response in Opposition to the Petitioner's motion (Docket No. 113).

### I. INTRODUCTION

On August 2, 1994, the Petitioner, Charles Lawrence Caldwell, was indicted for alleged violations of 18 U.S.C. § 1951(a), 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g). On January 19, 1996, the Petitioner was convicted on all charges. On April 17, 1996, a sentencing hearing was held where a sentence was imposed based upon a total offense level of 20 and a criminal history category of five. Pursuant to the sentencing guidelines, the Petitioner was sentenced to 78 months on Counts 1 and 3, 60 months on Count 2 to be served consecutively, fines totaling $1,250, and a special assessment of $150.

The Petitioner's appeal of his conviction and sentence were denied.

After his direct appeals were denied, the Petitioner lodged several collateral attacks against his conviction and sentence. On September 24, 1998, the Petitioner filed a motion pursuant to 28 U.S.C. § 2255 which was denied on August 12, 1999. On August 26, 1999, the Petitioner filed a Writ of Error Coram Nobis which was denied as moot on October 7, 1999. On October 21, 1999, the Petitioner made a motion for reconsideration of the denial of the Writ of Error which was denied on December 21, 1999. After several unsuccessful attempts to appeal these denials, the Petitioner filed the motion for reduction of sentence which is the subject of this opinion.

### II. DISCUSSION

With few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed...." 18 U.S.C.A. § 3582(c) (West 2000). In an attempt to modify his term of imprisonment, the Petitioner invokes the exception contained in § 3582(c)(2) and relies upon a November 1, 1998 amendment to U.S. Sentencing Guidelines Manual § 5K2.0. Section 3582(c)(2) gives the court the authority to modify a previously imposed sentence in "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). Section 5K2.0 is a policy statement promulgated by the Sentencing Commission which constitutes the general provisions governing downward departures in sentencing. See § 5K2.0. The November 1, 1998 amendment to § 5K2.0 incorporated the Supreme Court's holding in *Koon v. United States*, 518 U.S. 81, 116

S.Ct. 2035, 135 L.Ed.2d 392 (1996), which has since been interpreted to allow downward departures based upon post-offense and even post-conviction rehabilitation efforts. *See United States v. Sally*, 116 F.3d 76, 79–80 (3d Cir.1997); *see also United States v. Brock*, 108 F.3d 31, 34–35 (4th Cir.1997). The thrust of the Petitioner's argument is that he has engaged in the requisite extraordinary post-conviction rehabilitative efforts which would merit a downward departure under the new § 5K2.0. While acknowledging that prior to November 1, 1998 it was necessary for the Defendant to be back before the District Court for resentencing to avail himself of a downward departure based upon post-offense rehabilitation, the Petitioner asserts that the amendment to § 5K2.0 changed that requirement.

While understanding that § 3582(c)(2) is the proper vehicle to modify a previously imposed sentence, the Petitioner proceeds to confuse its function with that of § 5K2.0. Section 5K2.0 gives the court the authority to impose a sentence outside of the sentencing range but does not purport to establish when the Defendant may motion for a reduction in his sentence. *See* § 5K2.0. To modify a term of imprisonment previously imposed, the Petitioner must point to an exception in § 3582(c). *See United States v. Thompson*, 70 F.3d 279, 281 (3d Cir.1995)(stating applicable statute is § 3582(c)). In this motion, the Petitioner relies upon the exception in § 3582(c)(2).

The provisions of § 3582(c)(2) are triggered when an amendment to the guidelines results in the lowering of the sentencing range under which a defendant was sentenced. *See* § 3582(c)(2). As a preliminary matter, the Court must decide whether the amendment to § 5K2.0 resulted in the lowering of the range under which the Petitioner was sentenced. Sec-

tion 5K2.0 explains the manner in which a court should exercise its discretion in "impos[ing] a sentence outside the range established by the applicable guidelines...." *See* § 5K2.0. The language of § 5K2.0 itself indicates that it does not alter a sentencing range but instead gives the court discretion to depart from the sentencing range if certain circumstances are present. *See* § 5K2.0. Because § 5K2.0 does not provide a sentencing range, a change in § 5K2.0 cannot represent a change in the Petitioner's sentencing range. Without a lowering of the Petitioner's sentencing range, the exception located in § 3582(c)(2) is not triggered.

For the foregoing reasons, the Petitioner's motion for a reduction of sentence pursuant to § 3582(c)(2) and § 5K2.0 as Amended Effective Sunday, November 1, 1998 is denied.

An appropriate Order follows.