**UNITED STATES of America**

v.

**Hitham ABUHOURAN.**

**Criminal Action No. 95–00560–01.**

United States District Court,
E.D. Pennsylvania.

Aug. 9, 2004.

Hitham Abuhouran, Lisbon, OH, Pro Se.

Alan J. Chaset, Alexandria, VA, Glenn A. Zeitz, Peter F. Vaira, Vaira & Riley PC, Philadelphia, PA, for Defendant.

Robert A. Zauzmer, Philadelphia, PA, for Plaintiff.

**OPINION**

POLLAK, Judge.

Presently before the court are two separate motions, each titled "Motion to Modify or Correct an Imposed Term of Imprisonment Under 18 U.S.C. § 3582(c)(2)," filed

---

by defendant Hitham Abuhouran, and the government's two submissions filed in opposition to the motions. For the reasons discussed herein, Mr. Abuhouran's motions will be denied.

**Factual and Procedural Background**

Hitham Abuhouran (a/k/a Steve Houran) pleaded guilty on September 10, 1996, to an indictment charging, *inter alia*, money laundering and bank fraud related to an elaborate scheme that caused the 1992 failure of the Bank of Brandywine Valley of West Chester, Pennsylvania. On August 19, 1997, this court sentenced Mr. Abuhouran to 188 months in prison, five years of supervised release, an assessment of $1350.00, restitution in the amount of $6,917,246.10, and forfeiture. In calculating Mr. Abuhouran's sentence, the court applied the existing federal sentencing guideline for money laundering, section 2S1.1 of the United States Sentencing Guidelines ("Guidelines"). The court also granted the government's request for a two-level enhancement for obstruction of justice under section 3C1.1.[1] The enhancement was based on the false financial information Mr. Abuhouran gave in an interview with a probation officer and in a written financial statement during a presentence investigation on September 24–25, 1996. In short, Mr. Abuhouran claimed that he was without any assets of value, when in fact he controlled substantial cash and real estate assets. The court found at the sentencing hearing that Mr. Abuhouran "quite clearly failed to be even remotely truthful in his representations to the probation office about his financial situation," and concluded that his misrepresentations constituted a willful effort to circumvent the court's ability to recover a fine, restitution, or forfeiture of stolen assets.

Mr. Abuhouran appealed, and the Third Circuit affirmed both his conviction and his sentence. *United States v. Abuhouran,* 161 F.3d 206 (3d Cir.1998), *cert. denied,* 526 U.S. 1077, 119 S.Ct. 1479, 143 L.Ed.2d 562 (1999). In particular, the Third Circuit found "no grounds for revisiting the district court's conclusion" on the obstruction enhancement. *Abuhouran,* 161 F.3d at 208 n. 1. Thereafter, Mr. Abuhouran filed a series of motions to dismiss his indictment and to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This court denied the motions on November 26, 2002, and the Third Circuit subsequently dismissed Mr. Abuhouran's appeal. Mr. Abuhouran now submits two new motions to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The first motion, filed March 24, 2004, cites Amendment 566 to the Guidelines as the basis for challenging the two-level enhancement he received under U.S.S.G. § 3C1.1 for obstruction of justice. In his second motion, filed May 25, 2004, Mr. Abuhouran relies on Amendment 591 to contest his sentencing under U.S.S.G. § 2S1.1, the guideline for money laundering.[2]

**Discussion**

▆▆▆ Although courts generally may not modify a sentence of imprisonment, 18 U.S.C. § 3582(c)(2) authorizes the reduction of a sentence "based on a sentencing range that has subsequently been lowered

---

1. At the time of Mr. Abuhouran's sentencing, section 3C1.1 provided as follows: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1 (1996).

2. Aktham Abuhouran, Mr. Abuhouran's brother and co-defendant, has filed a virtually identical motion contesting his own sentencing under U.S.S.G. § 2S1.1. Aktham Abuhouran's motion is addressed in a separate opinion.

by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Where a Guideline amendment does not lower the defendant's sentencing range, however, the defendant cannot seek a modification of his sentence under section 3582(c)(2). *United States v. Enigwe*, 212 F.Supp.2d 420, 424 (E.D.Pa. 2002); *United States v. Caldwell*, 155 F.Supp.2d 292, 294 (E.D.Pa.2001). A review of Amendment 566 and Amendment 591 reveals that neither amendment has the effect of lowering Mr. Abuhouran's sentencing range. Consequently, 18 U.S.C. § 3582(c)(2) does not empower this court to modify his sentence.

*1. Amendment 566*

█ The basis for Mr. Abuhouran's first motion is Amendment 566, which amended Application Note 1 to U.S.S.G. § 3C1.1. Section 3C1.1 provides an enhancement of two offense levels for a defendant's willful obstruction of justice. Prior to the amendment, the last sentence of Application Note 1 had required the court to evaluate the defendant's alleged false testimony or statements "in a light most favorable to the defendant." Effective November 1, 1997, Amendment 566 removed this requirement, replacing it with the following caution:

> the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice.

*U.S. Sentencing Guidelines Manual* app. C, vol. 1 at 524.

The amendment of the last sentence of Application Note 1 resolved a circuit conflict regarding its meaning. The courts disagreed as to whether the requirement that evidence of obstruction be evaluated "in a light most favorable to the defendant" mandated that a sentencing court employ a heightened standard of proof when considering the appropriateness of an enhancement for obstruction of justice. *Compare United States v. Arnold*, 106 F.3d 37 (3d Cir.1997) *and United States v. Montague*, 40 F.3d 1251 (D.C.Cir.1994) (applying the heightened, clear and convincing evidence standard) *with United States v. Zajac*, 62 F.3d 145 (6th Cir.1995) (applying the preponderance of evidence standard). By altering the last sentence of the application note, the amendment "no longer suggests the use of a heightened standard of proof." *U.S. Sentencing Guidelines Manual* app. C, vol. I at 525 (explaining reason for amendment); *United States v. Fiorelli*, 133 F.3d 218, 222 n. 3 (3d Cir.1998).

Mr. Abuhouran was sentenced in August 1997, when the prevailing law in this circuit, under the February 1997 *Arnold* decision, required a heightened standard of proof for the government to establish obstruction. Therefore, the subsequent deletion of the "favorable light" requirement from the commentary to U.S.S.G. § 3C1.1 operated, in this circuit, not to benefit defendants but to benefit the government. In consequence of the deletion, the government has faced a less stringent burden of proof in seeking to establish obstruction of justice. Manifestly, relaxation of the burden of proof would not operate to lower Mr. Abuhouran's sentencing range.

Nor does the new language added by Amendment 566, reminding the court that "not all inaccurate statements or testimony necessarily reflect a willful attempt to obstruct justice," result in a lowering of Mr. Abuhouran's sentencing range. At the sentencing hearing, this court found that Mr. Abuhouran's litany of false statements in a financial disclosure submitted to a probation officer during the presentence

investigation were material and willfully made, and clearly reflected a willful attempt to obstruct justice. Mr. Abuhouran's sentencing range is thus unaffected by Amendment 566.

### 2. Amendment 591

In his second motion, Mr. Abuhouran seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) on the basis of Amendment 591. Amendment 591, which became effective on November 1, 2000, revised sections 1B1.1 and 1B1.2 of the Guidelines, the commentary to section 1B1.2, and the Statutory Index's introductory commentary. Prior to the amendment, the Third Circuit had held in *United States v. Smith,* 186 F.3d 290 (3d Cir.1999), that under sections 1B1.1 and 1B1.2, the sentencing court could decline to apply an offense guideline in an atypical case where the defendant's conduct fell outside the "heartland" of the conduct described in the otherwise applicable guideline. In adopting Amendment 591, the Sentencing Commission rejected the "heartland" analysis of *Smith,* emphasizing that the sentencing court must apply the guideline assigned to the offense of conviction, unless the case falls within a limited exception not relevant here. *U.S. Sentencing Guidelines Manual* app. C, vol. II at 30–31 (explaining reason for amendment).

■ Mr. Abuhouran maintains that pursuant to Amendment 591, his sentence should have been based on the guideline assigned to his fraud conviction, section 2F1.1, and not on the stricter guideline for his money laundering conviction, section 2S1.1. In essence, Mr. Abuhouran urges the court to conduct the analysis endorsed in *Smith* and find that his conduct was not within the heartland of the conduct associated with the offense of money laundering. But by abrogating the holding of *Smith,* Amendment 591 actually prohibits this court from engaging in *Smith's* heartland analysis. Instead, the amendment merely reaffirms that where, as here, a defendant is convicted of money laundering, he must be sentenced under the money laundering guideline of section 2S1.1. Amendment 591 does not lower Mr. Abuhouran's sentencing range, and thus may not be used as a basis for reducing his sentence.

### Conclusion

Accordingly, in the accompanying order, Mr. Abuhouran's two motions to modify his sentence will be denied.